UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WERIDE CORP., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KUN HUANG, et al.,<br><br>    Defendants. | Case No. 5:18-cv-07233-EJD<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY AND CONTINUING HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 88 |

Before the Court is Defendant Kun Huang's Administrative Motion for Leave to File Sur-Reply. Plaintiffs WeRide Corp., and WeRide Inc. (collectively "WeRide") oppose the Motion. For the reasons discussed below, the Court grants the Motion.

The instant dispute concerns a USB drive. WeRide contends that before Huang's employment at WeRide ended, he inserted three USB devices into his WeRide-issued laptop and may have used those devices to misappropriate WeRide's trade secrets. Op. at 2. Huang maintains that he only recognizes one of the three devices (the " '566 Device"), and that the '566 Device is "personal." Dkt. 70 at 7. In mid-November 2018, WeRide "demanded" that Huang return the three USB devices. Op. at 2. On December 20, 2018, Huang generally agreed to provide the '566 Device to WeRide or to make it available for inspection. Dkt. 34-60. WeRide filed its Motion for Preliminary Injunction on December 26, 2018, before the parties agreed to a process to transfer the '566 Device to WeRide. *See* Dkt. 80-6; Dkt. 88-8. WeRide took possession of the '566 Device between the filing of its Motion for Preliminary Injunction and the date that Huang's Opposition to WeRide's Motion for Preliminary Injunction ("Opposition") was

Case No.: 5:18-cv-07233-EJD

1

due. Op. at 3. Three days before Huang's Opposition was due, WeRide sent Huang a letter stating that its analysis of the '566 Device indicated that Huang had inserted it into at least one computer several times after his employment with WeRide ended. Dkt. 70-9. In its Reply in Support of the Motion for Preliminary Injunction ("Reply"), WeRide presented the "smoking gun" evidence it contends it discovered on the '566 Device. Dkt. 80 at 4-6; Dkt. 80-1; Dkt. 79-3; Dkt. 80-4. A few days later, Huang moved for leave to file a sur-reply to address this evidence.

"Where new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the non-movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (alteration and citation omitted). Here, the evidence relating to the contents of the '566 Device was first presented in WeRide's Reply. WeRide, though, argues that it "has actually not submitted new material with its reply." Op. at 4. This argument is not persuasive. WeRide itself characterized this evidence as "newly-discovered facts." Dkt. 80 at 6. Courts may allow evidence first presented in a reply if it "addresse[s] the same set of facts supplied in [the] opposition to the motion" (*Terrell v. Contra Costa Cty.*, 232 F. App'x 626, 629 n.2 (9th Cir. 2007) (cited by *Grace v. Apple, Inc.*, 328 F.R.D. 320 (N.D. Cal. Sep. 18, 2018)), or when it is "submitted in direct response to evidence raised in the opposition" (*Advanced Media Networks LLC v. Row 44 Inc.*, 2014 WL 5760545, at *1 (C.D. Cal. Nov. 4, 2014)). In such circumstances the evidence is not considered "new." Huang's only argument in his Opposition as to the contents of the '566 Device was to note that forensic analysis was on-going so WeRide's conclusions as to its contents would be "simply unfounded speculation." Dkt. 70 at 15. That argument did not open the door for WeRide to present its forensic analysis.

Moreover, the facts here are not analogous to *PageMelding, Inc. v. ESPN, Inc.* or *Swamy v. Title Source, Inc.*, where the courts refused to consider sur-replies. In *PageMelding*, one party "ran afoul" of both the Patent Local Rules and the case management order while trying to give itself an advantage. 2013 WL 431600, at *1 (N.D. Cal. Feb. 1, 2013). And in *Swamy*, "[n]othing prevented [the party seeking a sur-reply] from making these arguments in its opposition." 2017 WL 5196780, at *5 n.3 (N.D. Cal. Nov. 10, 2017). Here, Huang could not have made the arguments in his Sur-Reply in his Opposition because he did not see all the new evidence—*e.g.*, Case No.: 5:18-cv-07233-EJD

2

the Declaration of Michael Kunkel (Dkt. 80-1) and the Declaration of Yan Li (80-4)—until WeRide filed its Reply.

WeRide's final argument, that Huang's counsel is not competent to provide expert testimony, is not relevant to whether leave should be granted. The Court declines to consider that argument at this time.

The Court finds that the evidence pertaining to the '566 Device is "new" evidence, and that denying Huang the opportunity to respond would be unfairly prejudicial. Accordingly, the Court orders as follows:

1. Huang's Administrative Motion for Leave to File Sure-Reply is GRANTED.
2. The hearing on WeRide's Motion for Preliminary Injunction currently set for February 14, 2019 is CONTINUED until February 21, 2019 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: February 12, 2019

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-07233-EJD

3