1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Claude M. Stern (Bar No. 96737)
2    claudestern@quinnemanuel.com
     Michael Kang (Bar No. 287507)
3    michaelkang@quinnemanuel.com
     Michael F. LaFond (Bar No. 303131)
4    michaellafond@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
5  Redwood Shores, California 94065-2139
   Telephone:     (650) 801-5000
6  Facsimile:     (650) 801-5100

7    Ryan S. Landes (Bar No. 252642)
     ryanlandes@quinnemanuel.com
8  865 S Figueroa Street
   Los Angeles, California 90017
9  Telephone:     (213) 443-3000
   Facsimile:     (213) 443-3100
10
   *Attorneys for Plaintiff WeRide Corp. and*
11 *WeRide Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| WERIDE CORP. f/k/a JingChi Corp,; WERIDE INC. f/k/a JingChi Inc., <br><br> Plaintiff, <br><br> vs. <br><br> JING WANG, an individual, KUN HUANG, an individual, ZHONG ZHI XING TECHNOLOGY CO. LTD.. d/b/a ALLRIDE.AI, ALLRIDE.AI INC., <br><br> Defendant. | CASE NO. 5:18-cv-07233-NC <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** <br><br> **Date:** November 7, 2019 <br> **Time:** 9:00 A.M. <br> **Courtroom:** 4 – 5th Floor <br> **Judge:** The Hon. Edward J. Davila <br><br> **Action Filed:** November 29, 2018 <br> **Trial Date:** None set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 7, 2019, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Edward J. Davila at the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California, Plaintiffs WeRide Corp. and WeRide Inc. (collectively "WeRide") shall move, and hereby do move, pursuant to Federal Rule of Civil Procedure 15(a)(2), for an order granting WeRide leave to file a Second Amended Complaint, submitted herewith as Exhibit N to the Declaration of Michael LaFond.

This motion is based on this notice of motion and motion, supporting memorandum of points and authorities, the records and papers on file in this action, and other such written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

DATED: June 28, 2019        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Ryan S. Landes
    Claude M. Stern
    Ryan S. Landes
    Michael Kang
    Michael F. LaFond
    *Attorneys for Plaintiffs WeRide Corp. and WeRide Inc.*

## PRELIMINARY STATEMENT

On March 22, 2019, the Court granted Plaintiffs WeRide Corp. and WeRide Inc.'s (collectively, "WeRide") motion for limited expedited discovery against Defendants Kun Huang, AllRide.AI Inc. ("AllRide.AI"), and Zhong Zhi Xing Technology Co. Ltd., dba AllRide.AI ("ZZX," and together with AllRide.AI, "AllRide"). Although Defendants have evaded their discovery obligations, Huang did surrender to WeRide a subset of the files, on a subset of the devices, that the Court ordered him to turn over (the remainder is the subject of an ongoing discovery dispute). Even that limited subset of files contains new evidence that significantly bolsters WeRide's claims against defendant Jing Wang and demonstrates his prior sworn representations to this Court in this Action were false or grossly misleading. The new evidence also supports new claims against new defendants arising from the fact that, since WeRide filed this action, Defendants have incorporated new legal entities to effect fraudulent transfers and to conceal their wrongdoing. WeRide has granted Defendants every opportunity to explain these facts, but Defendants have ever ignored these offers; incredibly disclaimed any knowledge of the issues; or else provided belated, ever-shifting, and internally inconsistent non-explanations.

Accordingly, WeRide moves for leave to amend its complaint to bolster its existing claims, to add new claims against existing defendants, and to add claims against new defendants based on the same underlying misconduct at issue in this action. All of the applicable factors the Court should consider weigh strongly in favor of granting leave, which is liberally granted in any event. WeRide's motion should be granted.

## BACKGROUND[1]

WeRide filed this action on November 29, 2018 against Jing Wang, Kun Huang, and AllRide.AI Inc. ("AllRide"), asserting claims for misappropriation of trade secrets, breach of contract, intentional interference, and other related claims. *See* Dkt. 1. Huang then submitted a

---

[1] The facts underlying this action are specifically alleged in WeRide's attached proposed Second Amended Complaint ("SAC"). WeRide will not repeat all of the allegations here, but instead highlight those relevant to the Motion.

sworn declaration claiming that his employer was actually a company called Zhong Zhi Xing Technology Co. Ltd. ("ZZX"), and not AllRide. *See* Dkt. 18-1. Accordingly, WeRide amended its complaint on December 18, 2018 to add ZZX as a defendant. *See* Dkt. 24.

On December 26, 2018, WeRide filed a motion seeking a preliminary injunction and expedited discovery from all of the Defendants. *See generally,* Dkt. 34. The Defendants opposed on various grounds, two of which are relevant to this motion. **First**, Defendant Wang filed a declaration attesting among other things that he "never encouraged [Kun Huang] to go to work for ZZX, Allride.AI Inc. or Allride AI," (Dkt. 68-1 at ¶24), and that he "ha[s] nothing to do with ZZX's product development, its technical work, or its operations." *Id*. at ¶29. New evidence shows those statements were false. In fact, documents WeRide recovered from the devices Huang surrendered pursuant to Court order demonstrate that: (i) far from having "nothing to do" with ZZX's technical work or its operations, Wang directly oversees them; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*see* LaFond Decl. Exs. A, B, C & D [Huang Depo. Tr. 358:23-365:18]); and (ii) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id*. Ex. D (Huang Depo. Tr. 135:3-141:19).

**Second**, AllRide and ZZX filed various materials in this action, including a motion to dismiss and to quash (respectively), supported by a declaration from Hiu Ling Lam, who is purportedly an officer at AllRide. That declaration claimed that AllRide.AI is a "shell company" and that ZZX has "never issued any shares" and has no interest in AllRide.AI. *See* Dkt. 64-1 at ¶6. Again, the limited material recovered from Huang's surrendered devices revealed that these representations were false. ZZX's corporate deponent later testified—in direct contradiction to Lam's declaration—that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* LaFond Decl. Ex. E (ZZX Depo. Tr. 26:22-27:19). And far from being a shell company, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See, id*. Exs. F, G & H. When asked at deposition to explain why a shell company with no operations and no employees would need ▓▓▓▓▓▓▓▓▓▓ let alone how it could afford to pay for them, AllRide's corporate representative had no explanation. *Id*. Ex. I (AllRide Depo. Tr. 32:21-34:3).

1    But worse than these inconsistencies, it became immediately apparent that the Defendants
2    had actually shifted AllRide's US-based operations to a new company called Kaizr, Inc., which
3    company they refused to disclose in discovery, despite multiple requests by WeRide. These
4    companies operate as a single enterprise with no observation of corporate formalities. For example,
5    ████████████████████████████████████████████████████████████████████████████████
6    ████████████████████████████████████████████████████████████████████████████████
7    ████████████████████████████████████████████████████████████████████████████████
8    ███████████████████████████████████████████ *Compare, e.g.* LaFond Ex. H *with* Ex. J ███
9    ████████████████████████████████████████████████████████████████████████████████
10   ██████████████████████████████████████ Moreover, despite the fact that he claims to work for
11   ZZX, Defendant Huang was also held out as a Kaizr employee ████████████████████
12   ████ *See* LaFond Ex. K. And at his deposition, Huang admitted ████████████████
13   ████████████████████████████████████████████████████████████████████████████████
14   ███████████████████████████████████████████████████████ *See id*. Ex. D (Huang Depo.
15   Tr. 286:18-288:20). Moreover, Kaizr was incorporated by the same person who previously
16   incorporated AllRide.AI: Vivian Hua of the Mok Accountancy Corporation. *See* LaFond Exs. L,
17   M. And, of course, Kaizr was only incorporated ***after*** WeRide filed this lawsuit (*see, id.*) giving
18   rise to the inference that Defendants created Kaizr for the purpose of shifting assets and avoiding
19   WeRide's claims—a fraudulent transfer that is the subject of the new claims asserted by WeRide in
20   the proposed Second Amended Complaint. *See* LaFond Ex. N at ¶¶230-260.
21       Material from Huang's surrendered devices also reveals that Huang has created a new shell
22   company called ZKA, Inc. (*see* LaFond Ex. O)—which, just like Kaizr, was incorporated ***after***
23   WeRide filed suit (*id.*)—and ████████████████████████████████████████████
24   ████████████████████████████████████████ *Id*. Ex. P.
25       In sum, it appears that the Defendants have created new corporations (Kaizr and ZKA) in
26   direct response to WeRide's lawsuit, which corporations are intimately involved ZZX's technical
27   operations, and thus also unfairly benefiting from the existing Defendants' theft of WeRide's trade
28   secrets. Moreover, the new evidence further confirms that Wang is himself liable for trade secret

misappropriation, because he supervises technical development at ZZX and, as the leader of the various AllRide entities, personally benefits from the misappropriation. These new corporations must be added as defendants, and the new evidence against Wang incorporated to clarify WeRide's claims. Finally, to the extent that the Defendants have collectively engaged in a corporate shell game to try and avoid this litigation, WeRide is entitled to bring new claims for fraudulent transfer. *See generally* LaFond Ex. N.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Dev. Co. v. Emp'rs Ins. of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Bldg. Serv. Emps. Pension Tr. v. Horsemen's Quarter Horse Racing Ass'n*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same).

## **ARGUMENT**

Courts in the Ninth Circuit consider five factors when evaluating motions for leave to amend: (i) bad faith, (ii) undue delay, (iii) prejudice to the opposing party, (iv) futility of amendment, and (v) prior amendments. *DCD Programs*, 833 F.2d at 186; *Brown v. Rumsfeld*, 211 F.R.D. 601, 606 (N.D. Cal. 2002). The party opposing amendment bears the burden of establishing prejudice. *DCD Programs*, 833 F.2d at 186 (citation omitted). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). Here, all five factors weigh strongly in favor of amendment.

First, WeRide has not acted in bad faith. *Brown*, 211 F.R.D. at 606 (granting leave to amend because, among other things, "there is no evidence to suggest that Plaintiff acted in bad faith"). On the contrary, WeRide seeks to amend its complaint based on new evidence identified on devices the

Court ordered Huang to surrender. As set forth above, this evidence establishes that (i) Wang is in fact AllRide's leader and closely involved in its engineering work, contrary to his prior representations, (ii) AllRide has secretly formed a new entity in order to effect a fraudulent transfer and to evade the Court's Preliminary Injunction, and (iii) Huang has secretly established a new entity in order to hide incriminating payments. *See supra* pp. 1-3.

Second, WeRide has not unduly delayed in seeking amendment. The case is in its early stages; as evinced by the many discovery letter briefs filed before Judge Cousins, Defendants have still not provided meaningful discovery responses (*see* Dkts. 139, 146, 149, 157), and WeRide is seeking leave to amend promptly after identifying the new incriminating evidence. Moreover, it is well-established that any purported delay is insufficient by itself to deny a motion to amend a complaint. *See, e.g.*, *Willner v. Manpower Inc.*, 2013 WL 3339443, at *1 (N.D. Cal. July 1, 2013) (granting motion for leave to amend complaint despite movant's delay in seeking amendment where movant "was aware of the facts giving rise to the [amended] claim at the outset of the litigation"); *Continental Casualty Co. v. United States*, 2005 WL 8162326, at *4 (N.D. Cal. June 22, 2005) ("delay alone does not provide sufficient grounds for denying leave to amend"). Here, WeRide has not delayed, nor can any Defendant show "prejudice", so this factor weighs in WeRide's favor.

Third, WeRide's proposed amendment cannot prejudice Defendants given that their misconduct is what necessitated the amendment. *McCabe v. Six Continents Hotels, Inc.*, 2013 WL 12306494, at *3 (N.D. Cal. Oct. 10, 2013) (no prejudice where defendant "was on notice of plaintiffs' intention to expand the scope of the case"). Moreover, this action is still in the earliest stages of discovery with no trial date even set. *DCD Programs*, 833 F.2d at 188 (no prejudice where case was "still at the discovery stage with no trial date pending").

Fourth, WeRide's proposed amendments are not futile. WeRide's new allegations that Wang is firmly at the center of AllRide and closely involved in its engineering work (contrary to his prior sworn statements) state a claim for trade secret misappropriation and breach of contract. *See generally* LaFond Ex. N. And WeRide's new fraudulent transfer claims are similarly well-pleaded, based on extensive allegations (supported by newly-discovered evidence) establishing that Defendants are ignoring corporate formalities and shuttling assets and liabilities between and among

themselves to hinder, defraud, or delay WeRide's enforcement of its rights against Defendants. *Id.*; *see also VIA Techs., Inc. v. ASUS Computer Int'l*, 2017 WL 491172, at *3 (N.D. Cal. Feb. 7, 2017) (a "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense") (citation omitted).

In order to establish a claim for fraudulent transfer, a plaintiff must demonstrate either (i) a transfer of property by a debtor with the intent to hinder, delay, or defraud a creditor, or (ii) the debtor made the transfer without receiving a reasonably equivalent value in exchange and either (a) became insolvent at the time of the transfer or (b) believed it would incur debts beyond its ability to pay. *Hyosung (Am.), Inc. v. Hantle USA, Inc*., 2011 WL 835781, at *5 (N.D. Cal. Mar. 4, 2011). WeRide's factual allegations establish each element. *See generally* LaFond Ex. N at ¶¶230-260. WeRide alleges that AllRide.AI Inc. transferred its entire business and operations to Kaizr with the intent to defraud WeRide and for the purposes of avoiding the consequences of this litigation. *Id.* WeRide would not have known that Kaizr had become AllRide.AI Inc.'s successor-in-interest and ZZX's alter ego but for the Court-ordered surrender of Huang's devices that just so happened to contain materials revealing Kaizr's existence. *Id.* Indeed, Defendants failed to identify Kaizr in response to discovery requests that clearly called for its identification. *Id.* AllRide.AI Inc. appears to have transferred its entire business, operations, and employee base to Kaizr without receiving any value, and without observing any corporate formalities. *Id.* Accordingly, WeRide is likely to succeed upon its fraudulent transfer claim as to Kaizr, and Kaizr should therefore be enjoined. *Hyosung*, 2011 WL 835781, at *5-*6 (denying motion to dismiss fraudulent transfer claims where defendant transferred virtually its entire business operation to another company "for the purpose of rendering itself judgment-proof").

Fifth, WeRide has only amended its complaint once before—immediately at the beginning of the case to add ZZX (which does business as AllRide.AI) when Huang identified ZZX (not AllRide.AI, Inc.) as his true employer. *Brown*, 211 F.R.D. at 606 (granting leave to amend where plaintiff had amended the complaint "only once"); *see also Finjan, Inc. v. Check Point Software Techs., Inc.*, 2019 WL 1455333, at *4 (N.D. Cal. Apr. 2, 2019) (granting leave to amend answer for the second time based on facts learned during discovery).

Accordingly, the Court should grant WeRide leave to file its Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, WeRide respectfully requests that the Court grant this motion.

DATED: June 28, 2019

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Ryan S. Landes
Claude M. Stern
Ryan S. Landes
Michael Kang
Michael F. LaFond
*Attorneys for Plaintiffs WeRide Corp. and WeRide Inc.*