UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WERIDE CORP., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KUN HUANG, et al.,<br><br>    Defendants. | Case No. 5:18-cv-07233-EJD<br><br>**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT; GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO ADVANCE HEARING DATE; FINDING AS MOOT MOTIONS TO DISMISS, MOTION TO QUASH**<br><br>Re: Dkt. Nos. 64, 65, 104, 105, 161, 167 |

The Court presently considers Plaintiffs WeRide Corp. and WeRide, Inc.'s (collectively "WeRide") Motion for Leave to File Second Amended Complaint and WeRide's Administrative Motion to Shorten Time to Hearing on WeRide Plaintiffs' Motions to Modify the Court's Preliminary Injunction Order and File a Second Amended Complaint. Present Defendants Kun Huang, Jing Wang, AllRide.AI, Inc., and Zhong Zhi Xing Technology Co. Ltd. ("ZZX") opposed both motions.

**I.  Motion for Leave to File Second Amended Complaint**

The Court first considers WeRide's Motion for Leave to File Second Amended Complaint. Dkt. No. 161. WeRide had already amended its complaint once. Dkt. No. 24. WeRide now seeks to file a Second Amended Complaint ("SAC") that names new defendants allegedly tied to the events underlying the First Amended Complaint ("FAC"), adds new claims against the existing Defendants, and includes new allegations relating to the claims of the FAC. Having considered the parties' papers and the relevant law, the Court finds that this motion is appropriate for decision

Case No.: 5:18-cv-07233-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT;
GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO
SHORTEN TIME

1

without oral argument. Civil L.R. 7-1(b). The Court grants this Motion, and as a consequence, finds that Defendants' Motions to Dismiss the FAC and ZZX's Motion to Quash Service of Process of the FAC are moot.

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). Courts should consider five factors when considering whether to grant leave to amend pleadings: (a) bad faith, (b) undue delay, (c) prejudice to the opposing party, (d) futility of amendment, and (e) prior amendments. *Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002). Courts shall "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). "Prejudice is the touchstone of the inquiry under Rule 15(a)." *Eminence Capital*, 316 F.3d at 1052 (citation and quotation omitted). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* (citation and quotation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

The only factor that Defendants challenge is prejudice. They argue that instead of granting leave to amend, the Court should rule on their pending motions to dismiss and then grant WeRide leave to amend. Allowing WeRide to file its SAC would make a waste of the parties' and the Court's time and resources put into briefing the motions to dismiss and to quash. Instead, they contend, the court should provide guidance to WeRide on how to cure any deficiencies in its complaint by ruling on the submitted motions.

Defendants' argument misses the mark because the Court has already addressed many of the arguments in their pending motions in the Court's order granting WeRide's motion for a preliminary injunction. *Compare, e.g.*, Dkt. No. 65 (AllRide and ZZX's Motion to Dismiss) at § IV.A.ii (arguing WeRide's trade secret identification lacks sufficient particularity) *with* Dkt. No. 116 ("PI Order") at § IV.A.1 (finding WeRide identified its trade secrets with sufficient

Case No.: 5:18-cv-07233-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SHORTEN TIME

2

particularity).  Counsel for AllRide, ZZX, and Jing Wang have already conceded this point.  At the hearing on the motions to dismiss, counsel for Jing Wang stated, "[A] lot of these issues ha[ve] already been decided on the preliminary injunction order," (May 23, 2019 Hearing Tr. at 62:2-3) and counsel for AllRide and ZZX stated, "I want to acknowledge that things have happened since we've moved to dismiss including the court's decision on the preliminary injunction and certainly the Court addressed some of these arguments already" (*id*. at 26:12-15).  Through the PI Order, the court has already provided guidance concerning the legal theories in the FAC and the submitted motions.

Moreover, allowing WeRide to amend its complaint now will not deny Defendants the opportunity to challenge the complaint.  "That an amended complaint would essentially moot Defendants' pending Motion to Dismiss and Motion to [Quash] simply does not constitute undue prejudice.  Defendants will receive a ruling from this court on any motion to dismiss or motion to strike they may file to the amended complaint."  *Cuevas v. City of Campbell*, No. 5:12-CV-03087-EJD, 2012 WL 5077153, at *1 (N.D. Cal. Oct. 18, 2012).  The Court finds that Defendants have failed to show prejudice.

The Court finds that the other four factors, which Defendants do not contest, all weigh in favor of granting leave.  Nothing indicates that WeRide seeks to file the proposed SAC in bad faith.  Indeed, WeRide contends that its amendments are based on information gathered during discovery.  Nor has WeRide delayed in seeking to amend its pleading.  As discussed above, the pleadings have not yet been settled.  There is no indication that the proposed amendments will be futile.  Finally, that WeRide has already amended its complaint once does not weigh against a second amendment.

The Court grant's WeRide's Motion for Leave to File Second Amended Complaint. WeRide shall promptly file the proposed SAC as its own entry on the docket.  Because WeRide is filing an amended complaint, the Court denies as moot Defendants' Motions to Dismiss (Dkt. Nos. 65, 104, 105) and ZZX's Motion to Quash (Dkt. No. 64).  Defendants, if they so choose, may file

Case No.: 5:18-cv-07233-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SHORTEN TIME

3

motions challenging the SAC.

## II. Motion to Shorten Time to Hearing

The Court now turns to WeRide's Administrative Motion to Shorten Time to Hearing on WeRide Plaintiffs' Motions to Modify the Court's Preliminary Injunction Order and File a Second Amended Complaint. Dkt. No 167. "District courts have the inherent power to control their dockets . . . ." *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). This Motion is now moot as to the hearing on the Motion for Leave and is, accordingly, denied to that extent. As to the Motion to Modify, the Court finds that WeRide has shown good cause that the hearing should be advanced. The earliest available date that the Court can hear the Motion to Modify is October 10, 2019. The Court hereby advances the hearing to that date. Defendants' cross motion to modify the briefing schedule is denied.

**IT IS SO ORDERED.**

Dated: August 5, 2019

EDWARD J. DAVILA
United States District Judge