UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WERIDE CORP., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KUN HUANG, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-07233-EJD (NC)<br><br>**ORDER IN RESPONSE TO LETTER FROM ALLRIDE AND ZZX**<br><br>Re: Dkt. No. 231 |

Defendants AllRide and ZZX filed a letter with the Court on August 15, 2019, stating that they had failed to preserve—and, in fact, had affirmatively deleted—electronically stored information relevant to this case. Dkt. No. 231 at 1. AllRide and ZZX describe some, but not all, of this deletion as "inadvertent." *Id*. at 1, 2. Counsel for these defendants state that they learned of this destruction of evidence in June 2019. *Id*. at 2. Since June 2019, this Court has held three hearings on discovery disputes in this case for which the parties filed written letter briefs. Dkt. Nos. 140, 151, 204. In none of those briefs or hearings did defendants alert the Court or the plaintiffs to the deletion of this electronic evidence. It appears that this deletion of evidence occurred after this litigation began. It is unclear exactly what, or how much, evidence has been destroyed, though the defendants have primarily identified emails as the type of information deleted. Defendants state that they have not successfully restored any of this evidence despite effort to do so.

Federal Rule of Civil Procedure 37(e) states that "if electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery," and the Court finds that "the party acted with the intent to deprive another party of the information's use in litigation," the Court may:

(A) Presume that the lost information was unfavorable to the party;

(B) Instruct the jury that it may or must presume the information was unfavorable to the party; or

(C) Dismiss the action or enter a default judgment.

The letter from AllRide and ZZX at Dkt. No. 231 indicates that the defendants may be properly subject to any and all of these sanctions under Rule 37.

Furthermore, the trial court in this case granted in part the plaintiffs' motion for a preliminary injunction in March 2019. Dkt. No. 116. That Order enjoined the defendants from "destroying, concealing, disposing, deleting, removing or altering any and all documentation of any kind, whether paper or electronic (including but not limited to computer files, emails, hard drives, disk drives, USB drives, zip drive, cloud-based storage accounts), data, drafts or other things or materials" relating to this litigation. Dkt. No. 116 at 24–25. The defendants' apparent spoliation of electronic evidence is a violation of that Order and may be separately punishable as such.

In light of the above, the Court hereby ORDERS:

1. Immediate depositions of Jing Wang, RongRong Gau, Kun Huang, and 30(b)(6) witnesses for each AllRide and ZZX related to this electronic evidence deletion. These depositions do not count toward total limits set by the Federal Rules of Civil Procedure. They must be completed by **September 16, 2019.**

2. Plaintiffs may serve 25 total additional interrogatories on the defendants related to this electronic evidence deletion by **August 23, 2019.** The defendants must answer these interrogatories **within 7 days of being served.**

3. Plaintiffs may file a motion for sanctions by **September 30, 2019.**

The Court defers assigning costs or fees associated with this discovery until resolving the motion for sanctions.

The Court also contemplates appointing a discovery special master to, in part, investigate the lost electronically stored information. Proposed order(s) from the parties regarding the appointment of a special master are due **August 23, 2019.**

Defense counsel are hereby ORDERED to serve this Order on their clients and to file certificates of service.

**IT IS SO ORDERED.**

Dated: August 16, 2019   _____
NATHANAEL M. COUSINS
United States Magistrate Judge