UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| WERIDE Corp. f/k/a JingChi Corp., WERIDE Inc. f/k/a JingChi Inc.,<br><br>Plaintiffs,<br><br>vs.<br><br>JING WANG, an individual, KUN HUANG, an individual, ZHONG ZHI XING TECHNOLOGY CO. LTD.. d/b/a ALLRIDE.AI, ALLRIDE.AI INC., KAIZR, INC., ZKA INC., DOES 1-10<br><br>Defendants. | CASE NO. 5:18-cv-07233-EJD (NC)<br><br>**ORDER ON DISCOVERY SPECIAL MASTER AND NEUTRAL FORENSIC INSPECTION** |

Before the Court is the request of Plaintiffs' WeRide Corp. and WeRide Inc. (collectively "Plaintiffs") to appoint a forensic neutral and a special master in order to investigate possible spoliation of evidence pursuant to the issues raised in the August 15, 2019, letter (ECF 231) from counsel for Zhong Zhi Xing Technology Co. Ltd. and AllRide.AI Inc. (collectively "ZZX"). Having considered the submissions of Plaintiffs (ECF 260) and Defendants ZZX, Jing Wang, and Kun

Huang (the "Defendants" and collectively with Plaintiffs the "Parties") (ECF 263, 264), the Court now **ORDERS** as follows.

The need for this order is the self-reported spoliation of evidence in ECF 231 and the delay in discovery by defendants. A reader desiring additional context for this order may review the orders at ECF 235 and 252 and the transcript of the August 16, 2019, discovery hearing at ECF 251. Plaintiffs' proposed order (ECF 260) also addressed several outstanding discovery issues. The Court DEFERS ruling on those issues. This order is focused on the immediate need for a forensic neutral and discovery special master. The deadlines in this order are short, but the parties have known since August 16 that the Court would be appointing experts to assist in these roles.

## I.     NEUTRAL FORENSIC INSPECTOR

The Court hereby **ORDERS** the appointment of a neutral forensic inspector (the "Forensic Neutral"), and further **ORDERS** that the Forensic Neutral complete the following tasks by the following deadlines:

1. **Choosing a Forensic Neutral.** By Friday, August 30, 2019, the Parties shall meet and confer, and select a suitable third party vendor, not currently retained by any Party in relation to the above captioned action, to act as the Forensic Neutral. If the Parties are unable to agree on the Forensic Neutral, the Parties shall file a joint letter brief, not to exceed two pages, by midnight on August 30, 2019, setting forth their competing proposals for Forensic Neutral, and the Court will select the Forensic Neutral from the Parties' proposals, or will make its own selection.

2. **Engaging the Forensic Neutral.** Following the selection of the Forensic Neutral in Paragraph 1, Defendant ZZX shall engage the Forensic Neutral to conduct the forensic analysis detailed in this Order. Even though the Forensic Neutral shall be engaged by ZZX, the Forensic Neutral shall be considered a neutral third-party forensic examiner, and shall not be deemed an agent, representative, or expert of any Party to this litigation. Nonetheless, ZZX shall work directly with the Forensic Neutral in order to accomplish the work to be performed pursuant to this order. The Forensic Neutral's work in connection with this litigation shall not be deemed the

work product of any Party to this Litigation. The Forensic Neutral shall execute the "Acknowledgement and Agreement to Be Bound" that is attached as "Exhibit A" to the stipulated protective order entered in this litigation. *See* Dkt. 125-1 at 19. The Forensic Neutral shall begin the work contemplated in this Order as soon as practicable.

3. **The Forensic Neutral's Work.** The Forensic Neutral shall be charged with: (i) quantifying and qualifying the scope of the document destruction outlined in the letter submitted to the Court by counsel for ZZX at ECF 231 (the "Letter"), including investigating the specific claims made within that letter; (ii) recovering, to the extent possible using commercially reasonable efforts, any documents destroyed pursuant to the events described in the Letter, or otherwise destroyed by ZZX, its agents, employees, or individuals acting in concert with ZZX, at any time between the date the duty to preserve attached and the date of the Letter; and (iii) as it relates to Paragraphs 1 & 2 above, describing, to the extent possible, the nature and contents of any destroyed documents that cannot be recovered using commercially reasonable efforts. The Forensic Neutral's work shall be carried out as follows.

   a. The Forensic Neutral may, but is not required to, interview ZZX's third party vendor and consultant, KLDiscovery, ZZX's head of information technology ("IT"), or any other IT personnel the Forensic Neutral deems reasonably necessary, in order to gain an understanding of: (i) the architecture of ZZX's networks, computer systems, email systems, source code repositories, and any other electronic document repositories in the possession, custody, or control of ZZX; (ii) ZZX's document retention and/or backup policies and procedures; and (iii) any findings or determinations already made by IT employees of ZZX regarding the destruction of documents as outlined in the Letter. The interview(s) may last a total of up to 7 hours, and may take place via a video conference if necessary. ZZX shall make its IT personnel available to the Forensic Neutral in order to facilitate this interview(s). By

September 9, 2019, the Forensic Neutral shall provide a report to all Parties regarding its findings regarding the subjects of the interview(s).

b. The Forensic Neutral may, but is not required to interview the custodians ("Custodians") identified in the Declaration of Thomas Barce in Response to Court's Order Granting Motion to Compel dated August 23, 2019 regarding the subjects identified in Paragraph 3 above. The interviews may, but need not be, up to 2 hours per custodian. The Forensic Neutral may conduct its interviews of the Custodians by video conference if necessary. Using reasonable efforts, ZZX shall make the preceding individuals available to the Forensic Neutral in order to facilitate these interviews. If ZZX is unable to make one or more of these individuals available to the Forensic Neutral for an interview, ZZX shall provide all Parties to the Litigation with a declaration, signed under penalty of perjury, attesting as to why the particular individual(s) cannot be made available to the Forensic Neutral.

c. During the Custodian interviews conducted pursuant to the preceding paragraph, the Forensic Neutral may, in the sole discretion of the Forensic Neutral, attempt to ascertain: (i) the locations where any hard copy documents potentially relevant to this litigation, and in the possession, custody, or control of ZZX or the Custodians, may be found, (ii) the locations where electronically stored information potentially relevant to this litigation, and in the possession, custody, or control of ZZX or the Custodians, may be found, (iii) the identities of any additional individuals who should be added to the list of Custodians because they may have unique knowledge regarding the location of information potentially relevant to this litigation, and in the possession, custody, or control of ZZX or the Custodians, (iv) the dates the notices or instructions were sent to the Custodians and other non-privileged information related to, the actions the Custodians did or did not take, to preserve evidence potentially relevant to this litigation, and (v) the extent to

| | |
|---|---|
| 1 | which the Custodians deleted, destroyed, or lost (willfully or inadvertently) |
| 2 | any evidence potentially relevant to this litigation as encompassed under |
| 3 | FRCP 26. |

    d. ZZX agrees to provide to the Forensic Neutral all images of any computers or devices performed to date containing electronically stored information related to the matter. Thereafter, the Forensic Neutral shall provide a report to all Parties regarding its findings as to each of the subjects of the Custodian interviews, including a determination as to what, if any, additional steps are necessary.

4. **Deposition of the Forensic Neutral.** A representative of the Forensic Neutral who is adequately prepared to testify regarding the Forensic Neutral's work and reports shall appear for deposition at 9:00 a.m., on October 1, 2019, (or an earlier date if agreed to be all parties, the Special Master, and deponent) at the Redwood City offices of Quinn Emanuel Urquhart & Sullivan, LLP, located at 555 Twin Dolphin Drive, 5th Floor, Redwood City, California 94065. The deposition shall last for 8 hours, with Defendants and Plaintiffs each receiving 3.5 hours to question the representative of the Forensic Neutral, and the Special Master (defined below) receiving 1 hour to question the representative of the Forensic Neutral.

5. **Impact on the Timing of Plaintiffs' Sanctions Motion.** In its order of August 16, 2019 (Dkt. 235), the Court stated that Plaintiffs may file a motion for sanctions by September 30, 2019. Pursuant to Northern District of California Civil Local Rule 7-3, Defendants' opposition would therefore be due by October 14, and Plaintiffs' reply due by October 21. The purpose of the Forensic Neutral process described above is to allow the parties to reference the Forensic Neutral's reports in their sanctions briefing; the timeline contemplated by this Order permits the Defendants to refer to the Forensic Neutral's reports in their opposition briefing, and permits the Plaintiffs to respond as to the Forensic Neutral's reports in the Plaintiffs' reply briefing. The parties may move the Court to modify the briefing and hearing schedule.

6. **Fees and Staffing.** ZZX shall pay all of the Forensic Neutral's reasonable fees, costs, and expenses in connection with performing the tasks called for in this Order. Both ZZX and the Forensic Neutral must devote sufficient staff and resources to the work described in this Order to ensure it is completed on time, in accordance with the dates and deadlines set forth in this order.

## II. <u>SPECIAL MASTER</u>

The Court recognizes that the Forensic Neutral process outlined in Section I of this Order may result in additional disputes. These disputes will need to be resolved on shortened time and may require specialized technical expertise, both of which could unduly burden the Court and its staff. Accordingly, pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court **ORDERS** the appointment of a Special Master, which appointment is to be accomplished through the following process. Additionally, the Court **ORDERS** the Special Master to accomplish the following tasks, subject to the following limitations on the Special Master authority:

1. **Appointment of the Special Master.** By Friday, August 30, 2019, the Parties shall meet and confer, and select a suitable Special Master to be appointed by the Court. If the Parties are unable to agree on the Special Master, the Parties shall file a joint letter brief, not to exceed two pages, by midnight on August 30, 2019, setting forth their competing proposals for Special Master, and the Court will select the Special Master from the Parties' proposals, or will make its own selection.

2. No later than September 5, 2019, the Special Master shall file a declaration, stating under penalty of perjury whether there are any potential grounds to disqualify the Special Master pursuant to 28 U.S.C. § 455. Any Party by September 7 may file a timely objection to the Special Master's appointment, based on the Special Master's declaration. Any objection not filed in a timely manner is waived, unless it is based on subsequently discovered information. In the event that a Party files a valid objection pursuant to 28 U.S.C. § 455, the Parties will immediately meet and confer, and propose an alternative Special Master. If the parties cannot agree, the dispute

1 | | resolution process set forth in Section II.2. above shall apply, with a joint letter brief
2 | | due on September 10, 2019.
3 | 3. | **The Special Master's Authority.** The Special Master is authorized to manage and resolve all disputes concerning the Forensic Neutral process set forth in Section I of this Order, as well as (i) any remaining disputes between the Parties regarding whether ZZX has produced all relevant source code pursuant to the Court's order at ECF 252; (ii) any other, related matter that the Court may refer to the Special Master after giving the Parties notice and an opportunity to be heard, and (iii) any other matters that the Parties may jointly agree to present to the Special Master, in relation to the Forensic Neutral process. The Special Master may, after consulting with the Parties, recommend to the Court that the Special Master's duties be expanded to cover additional issues that are not listed in this Order.
4. The Special Master may issue such orders or direct the Parties and/or the Forensic Neutral to take any action necessary to ensure full compliance with the Forensic Neutral process set forth in this Order. In carrying out this Order, the Special Master shall interpret and apply the plain language of this Order. The Special Master shall determine the logistics of the Special Master's activities (e.g. the methods of communication with the Parties, whether to permit telephonic hearings, etc.), and is authorized to conduct hearings, meetings, and telephone conferences with the Parties, take all appropriate measures to perform the assigned duties fairly and efficiently, and adopt such procedures as are not inconsistent with either Federal Rule of Civil Procedure 53 or the Orders of this Court.
5. The Parties and the Forensic Neutral are directed to provide the Special Master with access to any non-privileged documents and personnel (including technical staff or vendors) reasonably necessary to perform the duties and responsibilities outlined in this Order. The Special Master may, by order, and after notice and an opportunity to be heard, recommend any noncontempt sanction provided by Federal Rules of Civil

| | | |
|---|---|---|
|1| |Procedure 37 or 45, and may recommend contempt sanctions against a party and|
|2| |sanctions against a nonparty. *See* Fed. R. Civ. P. 53(c)(2).|
|3|6.|**Limitations on the Special Master's Authority.** The Special Master only has the authority that the Court has provided in this Order, and does not have any other authority unless granted by a subsequent order of this Court.|
|6|7.|The Special Master shall not modify or nullify, in any manner, any provision of this Order. However, the Special Master may recommend modifications of this Order to the Court.|
|9|8.|The Special Master may seek from the Court clarification of this Order.|
|10|9.|**Matters Presented to the Special Master.** Unless otherwise instructed by the Special Master, the Parties shall present disputes to the Special Master in writing. The Special Master may direct the Parties to present disputes formally, by motion, or informally, such as through a letter or email. The Special Master has the authority to impose additional procedures concerning the length, format, timing, service method, and the contents of written matters presented to the Special Master. All motions, letters, emails, or other papers presented to the Special Master must be simultaneously served on all other Parties. The Special Master shall file all orders, reports, or recommendations issued, and shall simultaneously serve a copy on all Parties to the litigation. The Clerk of the Court must enter each order, report, or recommendation issued by the Special Master. *See* Fed. R. Civ. P. 53.|
|21|10.|The Special Master shall preserve a record of all written submissions received from, and sent to, the Parties, as well as any transcripts of hearings held by the Special Master. All hearings, including telephonic hearings, before the Special Master shall be transcribed by a court reporter retained by ZZX, and ZZX shall promptly provide a copy of all transcripts to all other Parties and the Special Master, consistent with the requirements of California Government Code Section 69954.|
|27|11.|A party may file objections to, or a motion to adopt or modify, any order, report, or recommendation issued by the Special Master; however, such objections or motions|

must be filed within three (3) business days of the issuance of the relevant order, report, or recommendation. Any opposition must be filed within three (3) business days of the objections.

12. **Communications with the Special Master.** The Special Master may communicate with the Court *ex parte* on all matters as to which the Special Master has been empowered to act. The Special Master may also communicate *ex parte* with the Forensic Neutral regarding any matters relevant to the Forensic Neutral process. The Special Master may only communicate *ex parte* with the Parties or their counsel on non-substantive matters, such as scheduling. Each Party shall designate a "primary contact" for the Special Master to communicate with, and shall provide all contact information for that person to the Special Master, including name, address, direct telephone number, email address, and cellular phone number.

13. **Compensation of the Special Master.** ZZX shall pay all of the Special Master's reasonable fees, costs, and expenses in connection with performing the tasks called for in this Order. The Special Master must contemporaneously keep track of fees, costs, and expenses. The Court retains jurisdiction to resolve any dispute over fees, costs, and expenses. The Court may confer with the Special Master as to an appropriate up-front payment of fees, costs, and expenses.

## III. CONCLUSION

As set forth above, the Court hereby **ORDERS** the Parties to meet and confer and propose a Forensic Neutral and a Special Master pursuant to the procedures and deadlines outlined above. The Court will issue a further order after specific experts are proposed. The Court DEFERS and will address separately the other "Outstanding Discovery Issues" identified by plaintiffs in ECF 260.

IT IS SO ORDERED.

DATED: August 27, 2019

_____
Honorable Nathanael Cousins
United States Magistrate Judge