UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WERIDE CORP., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KUN HUANG, et al.,<br><br>　　　　Defendants. | Case No. 5:18-cv-07233-EJD<br><br>**ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 184, 186, 189, 199, 209, 216, 217, 218, 258, 303 |

　　　　The parties have filed administrative motions to file under seal in connection with WeRide's Motion for Leave to File an Amended Complaint, the Second Amended Complaint, Defendant Huang's Answer, and the Motion to Modify the Preliminary Injunction. Having considered the parties' papers, the materials sought to be sealed and the law, the court now addresses these motions.

　　　　U.S. courts recognize that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2019 WL 1590470, at *1 (S.D. Cal. Apr. 12, 2019) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "When considering a sealing request, 'a strong presumption in favor of access is the starting point.'" *Space Data Corp. v. Alphabet Inc.*, 2019 WL 2305278, at *1 (N.D. Cal. May 30, 2019) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

　　　　This right is not absolute though. *Whitewater W. Indus.*, 2019 WL 1590470, at *1 (quoting *Nixon*, 434 U.S. at 598). In order to seal judicial records that are "more than tangentially related to the underlying cause of action," the moving party must show "compelling reasons" that outweigh the presumption in favor of disclosure. *Space Data*, 2019 WL 2305278, at *1 (citing *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016)). Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product

Case No.: 5:18-cv-07233-EJD
ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL
1

development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17, 2017); *Lucas v. Breg, Inc.*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016); *Rodman v. Safeway Inc.*, 2015 WL 13673842 (N.D. Cal. Aug. 4, 2015).

To meet the compelling reasons standard, the moving party must provide "specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Opperman*, 2017 WL 1036652, at *1. "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not carry the compelling standards burden. *Space Data*, 2019 WL 2305278, at *1 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). "There fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Lucas*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) (quoting *Kamakana*, 447 F.3d at 1179). Mere designation of a document as confidential under a protective order is not sufficient to establish that said document, or portions thereof, are sealable. Civil L.R. 79-5(d)(1)(A).

The court finds that the compelling reasons standard applies to all of the instant motions to file under seal because their underlying subject matters are "more than tangentially" related to the underlying cause of action. *Space Data*, 2019 WL 2305278, at *1; *see also Ctr. for Auto Safety*, 809 F.3d 1101.

I. **Docket No. 209**

WeRide's Second Amended Complaint contains material designated as Confidential or Highly Confidential – Attorney's Eyes Only by ZZX, AllRide, and Huang. ZZX and AllRide filed a declaration in support of sealing portions of the designated material, but Huang did not. Civil L.R. 79-5(e). The court finds that no material in the Second Amended Complaint warrants sealing. The designating parties proposed sealing certain lines of paragraphs 128 and 129, but those paragraphs concern the relationship between Huang, ZZX, and ZKA, which goes to the allegations underlying the litigation. Accordingly, the Motion to File Under Seal Portions of the

Case No.: 5:18-cv-07233-EJD
ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL
2

Second Amended Complaint is denied in its entirety.

## II. Docket No. 216

WeRide's Motion for Leave to File Second Amended Complaint contains material designated as Confidential or Highly Confidential – Attorney's Eyes Only by ZZX, AllRide, and Huang. ZZX and AllRide filed a declaration in support of sealing portions of the designated material, but Huang did not. Civil L.R. 79-5(e). ZZX and AllRide only seek to seal portions of Exhibit E and Exhibit I of the LaFond Declaration. The court denies the motion as to Exhibit E because that material goes to the relationship between ZZX and AllRide, which concerns the underlying allegations of the lawsuit. However, the court grants the motion as to Exhibit I page 32, lines 18 and 22 because ZZX and AllRide have shown compelling reasons for sealing. The motion is otherwise denied.

## III. Docket No. 217

WeRide's Motion to Modify the Preliminary Injunction contains material designated as Confidential or Highly Confidential – Attorney's Eyes Only by ZZX, AllRide, Huang and Wang. ZZX, AllRide, and Wang filed declarations in support of sealing portions of the designated material, but Huang did not. Civil L.R. 79-5(e). The court rules as follows:

| Document | Portions Sought to Be Filed Under Seal | Result |
| --- | --- | --- |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 1:2-6 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 1:26-2:3 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Blue at 2:6-9 | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |

| Document | Portions Sought to Be Filed Under Seal | Result |
|---|---|---|
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 2:20-23 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 3:1-2 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 3:3 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Blue at 5:5-14 | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Blue at 5 n. 2 | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 5:16-6:2 | Granted as to 5:21-22 and 6:1; otherwise denied. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 6:3-7:14 | Granted as to 6: 5-6; otherwise denied. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Blue at 7:14-17 | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |

| Document | Portions Sought to Be Filed Under Seal | Result |
| --- | --- | --- |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Blue at 7:25-26 | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 8:13 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Blue at 8 n. 7 | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 9:5-18 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 9:25-10:24 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 11:1-8 | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 11:9-17 | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 12:15-20 | Denied. No designating party supports sealing this material. |

| Document | Portions Sought to Be Filed Under Seal | Result |
|---|---|---|
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 13:3-24 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 14:9-18 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 15:2-3 & n. 9 | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 15:9-10 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 17:7-14 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Blue at 17:23 | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 18:1-3 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 20:5-7 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 20:24-21:2 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 21:14-23:6 | Granted as to page 22: 2; otherwise denied. |

| Document | Portions Sought to Be Filed Under Seal | Result |
|---|---|---|
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 23:24 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow at 25:15-16 | Denied. No designating party supports sealing this material. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Yellow in Appendix A | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| WeRide's Motion to Modify the Preliminary Injunction | Portions Highlighted in Blue in Appendix A | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| Declaration of Dr. Matthew R. Walter | Portions Highlighted in Yellow | Granted as to the limitations proposed by ZZX and AllRide in § 14 of Dkt. No. 172. |
| Declaration of Ryan S. Landes | Portions Highlighted in Yellow | Granted as to page 5:16-17, 19-22, otherwise denied. |
| Exhibit 4 to Landes | The entire document | Granted as to the limitations proposed by ZZX and AllRide in § 4 of Dkt. No. 172. |
| Exhibit 5 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 6 to Landes | The entire document | Granted as to the limitations proposed by ZZX and AllRide in § 5 of Dkt. No. 172. |
| Exhibit 7 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 8 to Landes | The entire document | Denied. No designating party supports sealing this material. |

Case No.: 5:18-cv-07233-EJD
ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL
7

| Document | Portions Sought to Be Filed Under Seal | Result |
|---|---|---|
| Exhibit 9 to Landes | The entire document | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| Exhibit 10 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 11 to Landes | The entire document | Granted as to the limitations proposed by ZZX and AllRide in § 7 of Dkt. No. 172. |
| Exhibit 12 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 13 to Landes | The entire document | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| Exhibit 14 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 15 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 16 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 17 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 18 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 19 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 20 to Landes | The entire document | Denied. No designating party supports sealing this material. |

| Document | Portions Sought to Be Filed Under Seal | Result |
|---|---|---|
| Exhibit 21 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 22 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 23 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 24 to Landes | The entire document | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| Exhibit 30 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 33 to Landes | The entire document | Denied without prejudice. The parties are ordered to meet and confer in good faith so that WeRide submits only relevant excerpts of the deposition and the designating parties propose narrowly tailored redactions only of material that meets the compelling reasons standard. The parties may file an amended motion to seal this material within seven days of the date of this order. |

Case No.: 5:18-cv-07233-EJD
ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL
9

| Document | Portions Sought to Be Filed Under Seal | Result |
|---|---|---|
| Exhibit 34 to Landes | The entire document | Denied without prejudice. The parties are ordered to meet and confer in good faith so that WeRide submits only relevant excerpts of the deposition and the designating parties propose narrowly tailored redactions only of material that meets the compelling reasons standard. The parties may file an amended motion to seal this material within seven days of the date of this order. |
| Exhibit 35 to Landes | The entire document | Denied without prejudice. The parties are ordered to meet and confer in good faith so that WeRide submits only relevant excerpts of the deposition and the designating parties propose narrowly tailored redactions only of material that meets the compelling reasons standard. The parties may file an amended motion to seal this material within seven days of the date of this order. |
| Exhibit 36 to Landes | The entire document | Granted. The designating party has shown a compelling reason for sealing this material. |
| Exhibit 37 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 38 to Landes | The entire document | Granted. The designating party has shown a compelling reason for sealing this material. |

| Document | Portions Sought to Be Filed Under Seal | Result |
| --- | --- | --- |
| Exhibit 39 to Landes | The entire document | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| Exhibit 40 to Landes | The entire document | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| Exhibit 41 to Landes | The entire document | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| Exhibit 42 to Landes | The entire document | Denied. This material goes to the allegations underlying the lawsuit and the designating parties have not shown a compelling interest that outweighs the presumption in favor of disclosure. |
| Exhibit 53 to Landes | The entire document | Granted as to the limitations proposed by ZZX and AllRide in § 13 of Dkt. No. 172. |
| Exhibit 56 to Landes | The entire document | Denied. No designating party supports sealing this material. |
| Exhibit 59 to Landes | The entire document | Denied. No designating party supports sealing this material. |

### IV. Docket No. 218

WeRide's Motion to Shorten Time contains material designated as Confidential or Highly Confidential – Attorneys' Eyes Only by ZZX and AllRide. However, the materials at issue go to the allegations underlying the lawsuit and the designating parties have not shown a compelling

Case No.: 5:18-cv-07233-EJD
ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL
11

interest that outweighs the presumption in favor of disclosure. The motion is denied.

## V. Docket Nos. 184, 186, 189, 199, 258, and 303

Docket Nos. 184, 186, 189, 199, 258, and 303 all fail to comply with Civil Local Rule 5-1(g), which requires the moving party to email a Microsoft word version of its proposed order to EJDpo@cand.uscourts.gov, and/or with Civil Local Rule 79-5(d)(1)(B), which requires the proposed order to "list[] in table format each document or portion thereof that is sought to be sealed." The court therefore denies these motions without prejudice. The parties may file compliant administrative motion to file under seal within seven days of this order.

The newly-filed motions shall incorporate the court's previous rulings on administrative motions to file under seal, so that they do not seek to seal material for which the court has already denied a motion to file under seal. If the parties seek to seal material for which the court has already granted an administrative motion to file under seal, the newly-filed motion shall reference the docket number and page number of the court's prior sealing order. The court further orders that all materials filed in connection with an administrative motion to file under seal must cite the material sought to be sealed by the specific page and line numbers in the underlying document; general references to highlighted material will not suffice.

**IT IS SO ORDERED.**

Dated: October 7, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-07233-EJD
ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL
12