UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

WERIDE Corp. f/k/a JingChi Corp., WERIDE Inc. f/k/a JingChi Inc.,

Plaintiffs,

vs.

JING WANG, an individual, KUN HUANG, an individual, ZHONG ZHI XING TECHNOLOGY CO. LTD.. d/b/a ALLRIDE.AI, ALLRIDE.AI INC., KAIZR, INC., ZKA INC., DOES 1-10

Defendants.

CASE NO. 5:18-cv-07233-EJD (NC)

**[PROPOSED] ORDER GRANTING WERIDE'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37(B); 37(E)(1); 37(E)(2) AND THE COURT'S INHERENT POWERS**

Action Filed: November 29, 2018
Trial Date: None Set

Before the Court is the motion of Plaintiffs WeRide Inc. and WeRide Corp. ("WeRide") for Sanctions Pursuant to Fed. R. Civ. P. 37(b); 37(e)(1); 37(e)(2) and the Court's Inherent Powers.

On August 15, 2019, Defendants AllRide.AI Inc. and Zhong Zhi Xing Technology Co. Ltd. (together with AllRide.AI Inc., "AllRide") filed a letter with the Court stating that they and their employees Defendants Jing Wang and Kun Huang had failed to preserve—and, in fact, had affirmatively deleted—electronically stored information relevant to this case. Dkt. No. 231 at 1. The next day, the Court issued an order granting additional discovery on the issues raised by the letter and setting a deadline for WeRide to file a sanctions motion. Dkt. No. 235 at 2-3. The Court indicated that appropriate sanctions may include (A) a "presum[ption] that the lost information was unfavorable to the party; (b) a jury instruction to "presume the information was unfavorable to the party;" or (C) dismissal of the action or entry of a default judgment. *Id.* at 2.

Subsequently, the Court appointed a neutral forensic inspector to "quantify[] and qualify[] the scope of the document destruction," "recover[] . . . any documents destroyed pursuant to the events described in the Letter, or otherwise" and "describing, to the extent possible, the nature and contents of any destroyed documents that cannot be recovered using commercially reasonable efforts." Dkt. Nos. 266 & 273. The Court further appointed a special master to oversee any issues relating to the investigation. *Id.*

That investigation has now concluded. Having considered the papers, the Court GRANTS WeRide's motion and ORDERS as follows:

1. The Court finds that Defendants Wang, Huang, and AllRide for months failed to preserve documents relevant to this litigation, and in fact affirmatively destroyed documents intentionally or recklessly. Although the full scope and scale of the evidence destruction cannot be determined exactly—largely because evidence of the *scope and scale* of the destruction has itself been destroyed—by any measure the loss has been significant.

**2. At a minimum, the evidence destruction includes data on four separate laptops, two USB drives, the complete contents of at least six custodial email accounts and the accounts of many more former employees (which were destroyed), weekly engineering reports and automated Phabricator notifications of source code modifications from the relevant time period, AllRide's**

**source code and "waypoint" files from October 2018, source code files on Huang's laptop prior to surrender, nearly all other company emails before March 2019, an unknown number of other manually deleted files, additional files from sources that were never collected or produced (in contravention of a Court order), and all company communications using the Ding Talk messaging program. None of this data is reasonably recoverable, and none of it exists in a different format or location that was preserved. In essence, this data has been lost forever.**

3. The evidence that Defendants destroyed was highly relevant, and could even have been dispositive, for most of the claims and defenses in this litigation. For example, and as more fully set forth in WeRide's moving papers:

A. Defendants' claims that AllRide independently developed an autonomous vehicle with advanced capabilities from July to October 2018 are their primary defense to WeRide's trade secret misappropriation claim. But the October 18, 2018 Source Code AllRide has produced is inconsistent with AllRide's testimony regarding its development, and unable to perform those advanced capabilities, and the October 2018 waypoint files and all of the emails (including weekly engineering reports and automated Phabricator notifications) that could have been used to confirm or refute AllRide's story are gone.

B. The best evidence of trade secret misappropriation against Huang likely would have been one or more of the four laptops and two USB drives that Huang spoliated: two laptops before he returned them to WeRide; another when he returned it to the Apple Store even though it was in "working" condition; another on which he spoliated the code files after the Court's injunction ordered him not to; and two "lost" USB drives.

C. WeRide's trade secret misappropriation claims against Wang turn on whether Wang controlled AllRide, had knowledge of its theft of WeRide's trade secrets, and recruited Huang. However, Wang directed deletion of multiple of his email accounts, which contained his communications with Huang and AllRide engineers, for the express purpose that he was concerned that they could be used as evidence by WeRide.

D. WeRide alleges that Huang breached his contractual and fiduciary duties to WeRide by recruiting his coworkers and otherwise working to further of AllRide's interests

while still employed at WeRide. Huang's emails from the kun.huang@allride.ai email account created for him on July 23, 2018 would have revealed what Huang was doing for AllRide while he was still working at WeRide, but they have all been destroyed. Similarly, the deleted files on Huang's laptops could have contained evidence of Huang's work for AllRide.

E. Wang's communications with investors and potential investors of WeRide are critical to WeRide's claims for defamation and intentional interference against Wang. However, those communications were lost along with Wang's email account, which again, Wang intentionally destroyed.

4. All Defendants had notice of this litigation no later than November 21, 2018, but failed to take reasonable steps to preserve evidence, and in many instances took affirmative steps to destroy evidence.

5. All Defendants violated the March 22, 2019 Preliminary Injunction Order, which restrained "and all persons acting under, in concert with, or for any one of them" from "Destroying, concealing, disposing, deleting, removing or altering any and all documentation of any kind . . . relating in any way to source code written, developed, edited, reviewed, or used by Defendants and all persons acting under, in concert with, or for any one of them." Dkt. No. 116.

6. The sheer scale of the destruction, paired with the proximity in time of the numerous destruction events and key litigation events, as well as Defendants' own admissions about the reasons for their destruction, indicates that Defendants "acted with the intent to deprive another party of the information's use in litigation," and the evidence "cannot be restored or replaced through additional discovery." *See* Fed. R. Civ. P. 37(e).

7. All of the *Leon* factors favor terminating sanctions in this case, as more fully set forth in WeRide's moving papers. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

A. Defendants' spoliation was willful, caused through their own fault, and in bad faith. Even after the deletion of AllRide's emails came to light, Defendants waited two months to inform the Court and WeRide, and still failed to take basic steps to preserve information. *See Padgett v. City of Monte Sereno*, 2007 WL 878575, at *3 (N.D. Cal. Mar. 20, 2007) ("fail[ing] to take adequate precautions to preserve [evidence specifically identified as relevant prior to its

destruction] whether characterized as willful or negligent . . . constitutes the kind of 'fault' sufficient to warrant sanctions, including dismissal, under the Court's inherent powers."); *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2009 WL 1949124, at *9 (N.D. Cal. July 2, 2009) (same). Further, Wang instructed AllRide employees to destroy multiple email accounts because he knew them to be relevant to WeRide's claims, and Huang spoliated code files after the Court ordered them turned over to WeRide. *Leon*, 464 F.3d at 961 ("[a] party demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order").

B. All of the Defendants deleted documents after and in violation of the Preliminary Injunction Order entered be the Court on March 22, 2019. *See Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (holding that where "a court order is violated, factors 1 and 2 support sanctions[.]"). Further, the "sheer breadth" of Defendants' spoliation "means that terminating the case would essentially be a cleaner and more expedient disposal." *See CrossFit, Inc. v. Nat'l Strength & Conditioning Ass'n*, 2017 WL 2298473, at *5 (S.D. Cal. May 26, 2017).

C. Defendants' spoliation has caused overwhelming prejudice to WeRide, which alone justifies terminating sanctions. *See Valley Engineers*, 158 F.3d at 1058; *OmniGen*, 321 F.R.D. at 371. As discussed above, the evidence from the relevant time period necessary to prove WeRide's allegations or to corroborate or disprove Defendants' defenses has largely been destroyed.

D. The prejudice to WeRide is exacerbated by Defendants' testimony, which has been inconsistent and often contradictory. *See CrossFit, Inc.*, 2017 WL 2298473, at *5 (holding that "the public policy favoring disposition of cases on their merits, although usually weighing against terminating sanctions, slightly weighs in favor of terminating sanctions" where the spoliation party has made misrepresentations in discovery);*Valley Engineers*, 158 F.3d at 1058 ("There is no point to a lawsuit, if it merely applies law to lies."). For example, AllRide falsely claimed emails between Huang and Wang did not exist when in fact they had been spoliated. And even after the Court ordered AllRide to "submit a declaration identifying all such sources in each of their possession, custody, or control and confirming that responsive documents will

be collected and searched from such source," Dkt. No. 252 at 5, AllRide filed a false declaration with the Court claiming that it did not use OneDrive, Sharepoint, or shared network locations (when in fact it did), and failing to identify more than a dozen sources of potentially responsive documents, many of which it still has not collected or searched.

E. In light of the prejudice to WeRide and the scope of the document destruction, lesser sanctions are insufficient. *See Leon*, 464 F.3d at 960 ("[L]ess drastic sanctions are not useful because a ruling excluding evidence would be futile [since the evidence has already been destroyed], and fashioning a jury instruction that creates a presumption in favor of [defendants] would leave [plaintiff] equally helpless to rebut any material that [defendant] might use to overcome the presumption.").

8. Terminating sanctions are also appropriate pursuant to Fed. R. Civ. P. 37(e) because all Defendants had notice of pending litigation no later than November 21, 2018, Defendants' spoliation was intentional, and the ESI cannot be replaced through other documents. *See Oppenheimer v. City of La Habra*, 2017 WL 1807596, at *13 (C.D. Cal. Feb. 17, 2017).

9. Therefore, the Court strikes Defendants' answers. The Clerk is directed to enter the default of Defendants.

10. The Court further ORDERS that Defendants shall pay WeRide's reasonable attorneys' fees and costs incurred in connection with (i) this motion; (ii) all discovery related to Defendants' spoliation of evidence; (iii) the discovery motion practice before Judge Cousins related to Docket Nos. 139, 146, 149, 157, 170, 192; and (iv) WeRide's efforts to enforce compliance with the Court's orders including those filed at Docket Nos. 235, 252, 266, 273, 289, and 319. *See, e.g. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (awarding fees in addition to terminating sanctions); *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2009 WL 1949124, at *11 (N.D. Cal. July 2, 2009) (awarding fees in addition to issue sanctions). WeRide shall submit a declaration supporting its claimed costs and fees within 14 days of this Order, and the Court shall award WeRide's costs and fees thereafter. Defendants shall be joint and severally liable for the payment of the Court's award of WeRide's costs and fees, and payment shall be due in full within 15 days of the Court's entry of an award.

**IT IS SO ORDERED**.

Dated: ____________________

________________________________
Hon. Edward J. Davila, United States District Judge

**--[IN THE ALTERNATIVE; TO BE INSERTED INSTEAD OF ¶¶3-10, *SUPRA*]--**

11. If the discovery violations do not "threaten to interfere with the rightful decision of the case," the Court may determine to impose issue sanctions on a finding of willfulness, bad faith, or fault, and draw adverse inferences against the spoliating party. *CrossFit, Inc.*, 2017 WL 2298473, at *6. The Court determines issue sanctions are appropriate here.

12. WeRide claims that Huang and AllRide misappropriated its trade secrets by downloading source code prior to his departure on August 13, 2018 and using that source code to develop a competing autonomous vehicle for AllRide. The most relevant evidence of what code Huang stole and what he did with it includes the contents of four laptops and two USB drives, which Huang spoliated: two laptops before he returned them to WeRide; another when he returned it to the Apple Store even though it was in "working" condition; another on which he spoliated the code files ***after*** the Court's injunction ordered him not to; and two "lost" USB drives. The Court therefore presumes that the contents of these four laptops and two USB drives would have been unfavorable to Defendants, and finds that Huang downloaded WeRide's source code, shared it with AllRide, and used it to develop source code, products, and technology related to autonomous vehicles.

13. AllRide's defense to WeRide's trade secret misappropriation claims is that it independently developed the autonomous vehicle with advanced capabilities shown in its October 2018 demo video. The documentary evidence showing AllRide's incremental development between July and October 2018, including weekly engineering reports and Phabricator notification emails, is critical to testing AllRide's independent development theory. However, AllRide has destroyed nearly all of this documentary evidence. The Court therefore presumes the lost information would have been unfavorable to Defendants, and finds that Defendants used WeRide's source code to develop their October 2018 source code, products, and technology related to autonomous vehicles, and did not independently develop any such source code, products, and technology.

14. AllRide's destruction of documentary evidence continued until at least March 2019. The Court therefore presumes that the documentary evidence would have been unfavorable to Defendants, and finds that Defendants used WeRide's trade secrets and did not independently develop any source code, products, and technology relating to autonomous vehicles through February 28, 2019 .

15. AllRide has also offered the explanation (inconsistent with its independent development defense) that it did not in fact develop an autonomous vehicle with advanced capabilities, but in fact mimicked the operation of an autonomous vehicle using "waypoint files" in its October 2018 demo video. The most relevant evidence to test this explanation would be the October 2018 waypoint files, but AllRide has admitted they were destroyed. The Court therefore presumes the existence (or nonexistence) of the waypoint files would have been unfavorable to Defendants, and finds that the waypoint files never existed.

16. WeRide claims that Wang misappropriated WeRide's trade secrets by controlling AllRide with knowledge of its misappropriation of WeRide's trade secrets and recruiting Huang. The most relevant evidence of Wang's trade secret misappropriation is thus his communications with Huang and AllRide engineers sent to and from his multiple @allride.ai email addresses. Wang ordered these email addresses and all of their contents deleted because he was concerned that they could be used as evidence by WeRide. The Court therefore presumes that Wang's emails would have been unfavorable to Wang, and finds that Wang controlled AllRide, knew of AllRide's trade secret misappropriation, and recruited Huang.

17. WeRide claims that Huang breached his contractual and fiduciary duties to WeRide by recruiting his coworkers and otherwise working to further of AllRide's interests while still employed at WeRide. Huang's emails from the kun.huang@allride.ai email account created for him on July 23, 2018 would have revealed what Huang was doing for AllRide while he was still working at WeRide, but they have all been destroyed. Similarly, the deleted files on Huang's laptops could have contained evidence of Huang's work for AllRide. The Court therefore presumes that the contents of Huang's laptops and kun.huang@allride.ai would have been unfavorable to Huang, and finds that Huang recruited his coworkers and worked to further AllRide's interests in violation of his contractual and fiduciary duties while still employed at WeRide.

18. WeRide asserts claims for defamation and intentional interference with prospective economic advantage against Wang for disparaging statements made by Wang to WeRide's investors and potential investors. The critical evidence of these claims is Wang's communications with investors and potential investors of WeRide. However, those communications were lost along with Wang's email

account, which again, Wang intentionally destroyed. The Court therefore presumes that Wang's communications would have been unfavorable to him, and finds that Wang made false and defamatory statements to WeRide's investors and potential investors, including Hanfor, Xiaopeng He, SenseTime, Goldstone, Lenovo, Bojiang Capital, Xinding Capital, and Oriza Prior, for the purpose of inducing them not to invest in WeRide and to invest in AllRide.

19. Defendants shall be precluded from introducing any evidence or making any argument contrary to any of these findings in any motion, at any hearing, and at trial.

20. The Court further ORDERS that Defendants shall pay WeRide's reasonable attorneys' fees and costs incurred in connection with (i) this motion; (ii) all discovery related to Defendants' spoliation of evidence; (iii) the discovery motion practice before Judge Cousins related to Docket Nos. 139, 146, 149, 157, 170, 192; and (iv) WeRide's efforts to enforce compliance with the Court's orders including those filed at Docket Nos. 235, 252, 266, 273, 289, and 319. *See, e.g. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (awarding fees in addition to terminating sanctions); *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2009 WL 1949124, at *11 (N.D. Cal. July 2, 2009) (awarding fees in addition to issue sanctions). WeRide shall submit a declaration supporting its claimed costs and fees within 14 days of this Order, and the Court shall award WeRide's costs and fees thereafter.

**IT IS SO ORDERED**.

Dated: ____________________

______________________________
Hon. Edward J. Davila, United States District Judge

--[**IN THE ALTERNATIVE; TO BE INSERTED INSTEAD OF ¶¶3-10, *SUPRA***]--

21. "The Court may exclude evidence that, given the spoliation, would "unfairly prejudice an opposing party." *Inland Concrete Enterprises, Inc. v. Kraft Americas LP*, 2011 WL 13209166, at *6 (C.D. Cal. Mar. 9, 2011).

22. WeRide claims that Huang and AllRide misappropriated its trade secrets by downloading source code prior to his departure on August 13, 2018 and using that source code to develop a competing autonomous vehicle for AllRide. The most relevant evidence of what code Huang stole and what he did with it includes the contents of four laptops and two USB drives, which Huang spoliated: two laptops before he returned them to WeRide; another when he returned it to the Apple Store even though it was in "working" condition; another on which he spoliated the code files ***after*** the Court's injunction ordered him not to; and two "lost" USB drives. Defendants shall therefore be precluded from introducing any evidence in any motion, at any hearing, or at trial that Huang did not download WeRide's source code, share it with AllRide, or use it to develop source code, products, and technology related to autonomous vehicles.

23. AllRide's defense to WeRide's trade secret misappropriation claims is that it independently developed the autonomous vehicle with advanced capabilities shown in its October 2018 demo video. The documentary evidence showing AllRide's incremental development between July and October 2018, including weekly engineering reports and Phabricator notification emails, is critical to testing AllRide's independent development theory. However, AllRide has destroyed nearly all of this documentary evidence. Defendants shall therefore be precluded from introducing any evidence in any motion, at any hearing, or at trial that they independently developed any source code, products, and technology relating to autonomous vehicles used in the October 2018 demo video, and did not misappropriate WeRide's source code in the October 2018 demo video.

24. AllRide's destruction of documentary evidence continued until at least March 2019. Defendants shall therefore be precluded from introducing any evidence in any motion, at any hearing, or at trial that they independently developed any source code, products, and technology relating to autonomous vehicles, and did not misappropriate WeRide's source code, through February 28, 2019.

25. AllRide has also offered the explanation (inconsistent with its independent development defense) that it did not in fact develop an autonomous vehicle with advanced capabilities, but in fact mimicked the operation of an autonomous vehicle using "waypoint files" in its October 2018 demo video. The most relevant evidence to test this explanation would be the October 2018 waypoint files, but AllRide has admitted they were destroyed. Defendants shall therefore be precluded from introducing any evidence that they used waypoint files in any motion, at any hearing, or at trial.

26. WeRide claims that Wang misappropriated WeRide's trade secrets by controlling AllRide with knowledge of its misappropriation of WeRide's trade secrets and recruiting Huang. The most relevant evidence of Wang's trade secret misappropriation is thus his communications with Huang and AllRide engineers sent to and from his multiple @allride.ai email addresses. Wang ordered these email addresses and all of their contents deleted because he was concerned that they could be used as evidence by WeRide. Defendants shall therefore be precluded from introducing any evidence in any motion, at any hearing, or at trial that Wang did not control AllRide, know of AllRide's trade secret misappropriation, or recruit Huang.

27. WeRide claims that Huang breached his contractual and fiduciary duties to WeRide by recruiting his coworkers and otherwise working to further of AllRide's interests while still employed at WeRide. Huang's emails from the kun.huang@allride.ai email account created for him on July 23, 2018 would have revealed what Huang was doing for AllRide while he was still working at WeRide, but they have all been destroyed. Similarly, the deleted files on Huang's laptops could have contained evidence of Huang's work for AllRide. Defendants shall therefore be precluded from introducing any evidence in any motion, at any hearing, or at trial that Huang did not recruit his coworkers or work to further AllRide's interests in violation of his contractual and fiduciary duties while still employed at WeRide.

28. WeRide asserts claims for defamation and intentional interference with prospective economic advantage against Wang for disparaging statements made by Wang to WeRide's investors and potential investors. The critical evidence of these claims is Wang's communications with investors and potential investors of WeRide. However, those communications were lost along with Wang's email account, which again, Wang intentionally destroyed. Defendants shall therefore be precluded from

introducing any evidence in any motion, at any hearing, or at trial that Wang did not make false and defamatory statements to WeRide's investors and potential investors, including Hanfor, Xiaopeng He, SenseTime, Goldstone, Lenovo, Bojiang Capital, Xinding Capital, and Oriza Prior, for the purpose of inducing them not to invest in WeRide and to invest in AllRide.

29. The Court further ORDERS that Defendants shall pay WeRide's reasonable attorneys' fees and costs incurred in connection with (i) this motion; (ii) all discovery related to Defendants' spoliation of evidence; (iii) the discovery motion practice before Judge Cousins related to Docket Nos. 139, 146, 149, 157, 170, 192; and (iv) WeRide's efforts to enforce compliance with the Court's orders including those filed at Docket Nos. 235, 252, 266, 273, 289, and 319. *See, e.g. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (awarding fees in addition to terminating sanctions); *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2009 WL 1949124, at *11 (N.D. Cal. July 2, 2009) (awarding fees in addition to issue sanctions). WeRide shall submit a declaration supporting its claimed costs and fees within 14 days of this Order, and the Court shall award WeRide's costs and fees thereafter.

**IT IS SO ORDERED**.

Dated: ____________________

______________________________
Hon. Edward J. Davila, United States District Judge