UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WERIDE CORP., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KUN HUANG, et al.,<br><br>Defendants. | Case No. 5:18-cv-07233-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. SECTION 1292(B) AND STAY**<br><br>Re: Dkt. No. 381 |

Pursuant to 28 U.S.C. § 1292(b), Defendants Zhong Zhi Xing Technology Co. Ltd. and AllRide.ai Inc. ("Defendants") move to certify for interlocutory appeal the Court's August 22, 2019 (Dkt. No. 252), September 18, 2019 (Dkt. No. 289), October 16, 2019 (Dkt. No. 319), and November 22, 2019 (Dkt. No. 366) Orders. Additionally, Defendants move for a stay pending appeal pursuant to 28 U.S.C. § 1292(b). The Court takes the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, Defendants' motion is **DENIED**.

**I.  BACKGROUND**

On March 22, 2019, the Court granted in part Plaintiffs' motion for a preliminary injunction and authorized expedited discovery of each party's source code. *See* Dkt. No. 116. Recognizing that the production of Defendants' source code could be complicated by Chinese law, the Court referred the discovery issue to the assigned Magistrate Judge for further briefing. *Id*. To guide the Magistrate Judge's review, the Court held that "the importance of this discovery weighs heavily in favor of authorizing the discovery." Dkt. No. 116 at 27. During the course of

1  discovery, Defendants issued general objections to producing documents protected under Chinese
2  secrecy laws. *See* Dkt. No. 149.  The assigned Magistrate Judge considered the issue and
3  overruled those objections.  Dkt. No. 252 (the "Discovery Order").

4  Defendants filed an Objection to the Discovery Order.  Dkt. No. 281.  Defendants argued that the Magistrate Judge's holding that Defendants may not withhold documents based on the application of Chinese law was in error because (1) Defendants had not yet identified any documents withheld on this basis and thus the issue was not ripe, and (2) the Magistrate Judge did not conduct an analysis of the factors required under *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522 (1987).  The Court affirmed the Magistrate Judge and denied that motion.  Dkt. No. 289.  The Court found that the Discovery Order was based on sound reasoning and the parties' conduct in discovery, specifically, the fact that Defendants failed to identify documents subject to their objection or to present any evidence to support their objection.  *Id*.  The Court also noted that Defendants "never raised the [*Aerospatiale*] factors in their briefing before the Magistrate Judge, despite Plaintiff twice raising them . . . [Defendants] cannot refuse to engage an issue before the Magistrate Judge and then complain that the Magistrate Judge did not sufficiently consider the issue." *Id*.

Defendants next filed a motion for reconsideration of the Discovery Order before the Magistrate Judge.  Dkt. No. 300.  Specifically, Defendants sought to withhold fourteen documents from discovery on account of Chinese secrecy laws and attached the Declaration of Hui Zhan, a Chinese lawyer and former judge, as evidence.  Dkt. No. 300-2. The Magistrate Judge denied the motion for reconsideration.  Dkt. No. 319; Dkt. No. 327 (the "Reconsideration Order").  The Magistrate Judge held that Defendants did not present newly discovered facts or facts that could not have been discovered through reasonable diligence as of the date of the Discovery Order, and that "the failure to present them was because of the defense's failure to reasonably pursue its own discovery obligations during the pre-August 22nd period of the case." *Id*.  Despite this finding, the Magistrate Judge considered the declarations Defendants submitted in support and found them

unpersuasive. *Id*. Finally, the Magistrate Judge noted that the *Aerospatiale* factors still indicate in favor of production. *Id*.

Defendants objected to the Reconsideration Order and sought relief from this Court. Dkt. No. 345. After filing the motion for relief, Defendants filed a Supplemental Declaration attaching the translation of a letter from the Government Counsel for the Administrative Committee of Nanjing Economic and Technological Development District in support of their motion (the "Letter"). Dkt. No. 359. The Court denied Defendants' motion for relief. Dkt. No. 366. The Court found the Letter unpersuasive, finding that "Defendants have not shown that they acted diligently to obtain the Letter before the Discovery Order issued." *Id*. Following the Court's order, Plaintiff filed a motion for discovery sanctions related to, among other things, Defendants' withholding of the documents at issue. Dkt. No. 376. That motion remains pending.

Defendants now ask this Court to certify the discussed orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendants' Motion for Certification for Interlocutory Appeal ("Mot."), Dkt. No. 381; *see also* Defendants' Reply In Support of Motion for Certification For Interlocutory Appeal ("Reply"), Dkt. No. 399. Plaintiffs oppose this motion. *See* WeRide's Opposition to Motion for Certification for Interlocutory Appeal ("Opp."), Dkt. No. 397.

**II. DISCUSSION**

A district court may certify a non-dispositive order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) if: (1) a controlling question of law is at issue; (2) there are substantial grounds for a difference of opinion on the issue; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Certification is inappropriate unless all three Section 1292(b) requirements are met. *Id*. In seeking interlocutory appeal, the movant bears a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and

therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002); *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1027 (9th Cir. 1981) ("The precedent in this circuit has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases." (citing *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959)).

A question need not "be dispositive of the lawsuit in order to be regarded as controlling." *Woodbury*, 263 F.2d at 787. Rather, "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

Defendants contend that there are six controlling questions of law at issue:

i. Whether a court may prospectively adjudicate a party's objection that disclosure of documents would violate the law of a foreign state, before the party has identified any such documents;

ii. Whether a court may prospectively adjudicate a party's objection that disclosure of documents would violate the law of a foreign state, without first engaging in the analysis set forth in *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522 (1987);

iii. Whether parties seeking to limit discovery under principles of international comity are required to first secure the review and opinion of the foreign state before seeking relief from the Court;

iv. Whether and the standard by which, in a case involving the collection, search and production of hundreds of thousands of foreign-language documents in a foreign sovereign state, a party raising a general discovery objection that disclosure of certain documents would violate the laws of a foreign state has waived the ability to challenge production for purposes of *Aerospatiale* by unreasonable delay in identifying the specific documents at issue;

Case No.: 5:18-cv-07233-EJD
ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. SECTION 1292(B) AND STAY
4

  v. Whether a party seeking to overcome an assertion of privilege based on a foreign state's secrets must show a heightened need for the documents and/or prejudice from failing to receive them; and

  vi. Whether the imposition of sanctions in response to a party's failure to disclose documents because such disclosure is prohibited by the laws of a foreign state violates the Eighth Amendment's prohibition on the imposition of excessive fines.[1]

Mot. at 3–4.

  Defendants argue that these questions are controlling because they determine whether Defendants must produce certain documents, the production of which may subject the Defendants to penalties under Chinese law. Defendants argue that the potential penalties they face would disrupt their business operations and may limit their ability to "fully defend themselves in this litigation." Mot. at 8. While the Court recognizes that Defendants face the possibility of consequences under Chinese law for producing certain documents, neither that possibility nor the resulting effect on Defendants' business operations materially affects the outcome of the underlying claims in this case. *See Woodbury*, 263 F.2d at 787–88 ("[L]itigants have always had to deal with difficult choices of this kind as a result of orders entered prior to or during trials. Nothing in the statute or in its legislative history indicates that 1292(b) was designed to relieve the parties from such hazards.").

  Defendants cite *Kuehner v. Dickinson & Co.* in support of their argument that the questions presented are controlling. *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996). In *Kuehner*, the Ninth Circuit upheld the district court's certification for interlocutory appeal of an order to stay proceedings pending arbitration, even though the question at issue was not determinative of the merits of the dispute. In doing so, the Ninth Circuit found that "an order may involve a controlling question of law if it could cause the needless expense and delay of

---

[1] Plaintiffs' motion for sanctions (Dkt. No. 376) remains pending, thus no sanctions have been imposed on Defendants.

Case No.: 5:18-cv-07233-EJD
ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. SECTION 1292(B) AND STAY

5

litigating an entire case in a forum that has no power to decide the matter." *Kuehner*, 84 F.3d at 319. Here, unlike *Kuehner*, the Court's orders to compel production do not concern fundamental issues such as the Court's or an arbitral tribunal's jurisdiction. Thus, *Kuehner* is inapposite.

Defendants also rely on *In re Cement Antitrust Litig.* There, the Ninth Circuit denied interlocutory appeal of the district court judge's decision to recuse himself because the recusal order would "neither affect the ability of the district court to render a binding decision nor materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1027. Similarly, the resolution of each of Defendants' proposed questions of law would not materially affect the outcome of the claims in this case. Rather, these questions affect discrete discovery issues; namely, the need for Defendants to produce certain documents. *Cf. Woodbury*, 263 F.2d at 787 ("The issues of this lawsuit and the ability of the court to render a binding decision therein are in no way affected by the order to produce documents.").

Because the Court finds that none of the questions presented for interlocutory appeal are controlling questions of law, the Court does not address the second or third requirements for interlocutory appeal. Having denied Defendants' motion for certification for interlocutory appeal, Defendants' request for a corresponding stay is now moot.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion for certification for interlocutory appeal and a stay pursuant to 28 U.S.C. § 1292(b) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 26, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-07233-EJD
ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. SECTION 1292(B) AND STAY
6