QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  William T. Pilon (Bar No. 326487)
  williampilon@quinnemanuel.com
  Michael F. LaFond (Bar No. 303131)
  michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

  Ryan S. Landes (Bar No. 252642)
  ryanlandes@quinnemanuel.com
865 S Figueroa Street
Los Angeles, California 90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

*Attorneys for Plaintiffs WeRide Corp. and WeRide Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| WERIDE CORP. f/k/a JingChi Corp.; WERIDE INC. f/k/a JingChi Inc., <br><br> Plaintiff, <br><br> vs. <br><br> JING WANG, an individual, KUN HUANG, an individual, ZHONG ZHI XING TECHNOLOGY CO. LTD., d/b/a ALLRIDE.AI, ALLRIDE.AI INC., KAIZR, INC., ZKA INC., DOES 1-10 <br><br> Defendants. | CASE NO. 5:18-cv-07233-EJD <br><br> **RESPONSE OF THE WERIDE PLAINTIFFS TO ZZX'S APRIL 30, 2020 FILING REGARDING THE SPECIAL MASTER AND FORENSIC NEUTRAL** |

On April 27, 2020, the Court issued an Order to Show Cause as to Why the Court Should Not Conclude Services of the Forensic Neutral and Discovery Special Master. Dkt. 479. WeRide believes their services should be concluded because their purpose has been served, so WeRide did not respond to the Order to Show Cause.  Late last night, Defendant in default Zhong Zhi Xing Technology Co. Ltd. ("ZZX") filed a response stating that FTI and the Special Master should continue work on this case. *See* Dkt. 489.  Because ZZX would use their continued engagement to vexatiously multiply the proceedings, consistent with its past conduct summarized below, WeRide opposes ZZX's request.

Separately, WeRide hereby informs the Court that it is preparing a motion pursuant to Rule 16(b)(4), to be filed next week, requesting a new case scheduling order to set a schedule for WeRide's damages prove-up hearing and to address the various disputes regarding ZZX's supposed "post-default rights."  WeRide hopes this will stop the "tit-for-tat" filings of the past two weeks, and WeRide apologizes for burdening the Court in the meantime.

**The Forensic Neutral Has Become ZZX's Vehicle for Vexatious Delays.**  Now that the Court has issued terminating sanctions, thus ending a nearly year-long digression necessitated by Defendants' misconduct, the Court should thank and dismiss both the Special Master and Forensic Neutral ("FTI") as a matter of judicial economy.  ZZX does not want that (Dkt. 489), and ZZX has done everything in its power to drag out this process, and is continuing to do so, including by:

- Arguing that FTI should *not* perform an independent analysis of code spoliation (*see* Dkt. 260 (ZZX proposal, redlining out sections I.3.e and II.7 requiring independent code analysis by FTI), only to *insist*, two months later, that independent code analysis was "clearly within FTI's charter," and that the sanctions briefing process must be delayed for months to permit the same analysis by FTI that ZZX previously opposed.  *See* Dkt. 387-36;
- Demanding FTI investigate code spoliation (Dkt. 387-36), but then impeding FTI's work by withholding access to its code repositories, ultimately forcing WeRide to apply for *two* additional orders from the Special Master just to allow FTI to perform the work ZZX requested (after initially opposing).  *See* Dkt. 364 ("This Order also directs that the Forensic Neutral be provided with data imaged by WeRide from ZZX's repositories . . ."); *see also* Dkt. 363;

- Refusing to turn over necessary administrator credentials to its code repositories, and otherwise delaying for weeks or more at a time, such that FTI was unable to finish its work while the sanctions briefing was ongoing.  *See, generally* Dkt. 407-1; and

- Now, inexplicably refusing to respond to basic questions asked by FTI, for ***more than a month***.  *See* LaFond ¶3 & Ex. A (email chain where FTI asks for information on March 25, ZZX claims to be "working on it" on March 31, and then ZZX *never* responds again).

ZZX clearly does not actually want an FTI investigation; it wants FTI's investigation to be eternally ongoing so that ZZX can demand ever more delay.  Indeed, there is nothing left for FTI to investigate.  The Court already found that the spoliation ***ZZX conceded*** was "staggering."  Dkt. 469 at 19.  And ZZX has had the entirety of this litigation to locate and produce the mountains of evidence the Court found to have been destroyed.  ZZX was in the best position (and had the greatest incentive) to come forward with the evidence it destroyed; if ZZX has not been able to, and the issue already decided, there is no reason to have FTI keep looking.

**Retaining the Special Master Will Result in Wasteful, Endless Appeals and Forum Shopping**.  ZZX also wants to retain the Special Master in support of its strategy of delay-through-appeal, perhaps best described in the Court's Order of November 22, 2019:

> This past summer, Defendants ZZX and AllRide (for this motion, "Defendants") issued general objections to producing documents protected under Chinese secrecy laws. See Dkt. No. 149. The assigned Magistrate Judge considered the issue and overruled those objections. Dkt. No. 252 (the "Discovery Order"). Defendants raised objections and moved the undersigned for relief from the Discovery Order. Dkt. No. 281. The undersigned affirmed the Magistrate Judge and denied that motion. Dkt. No. 289. Defendants then moved the Magistrate Judge for reconsideration of the Discovery Order, specifically seeking to withhold fourteen documents from discovery on account of Chinese secrecy laws. Dkt. No. 300. The Magistrate Judge denied the motion for reconsideration. Dkt. No. 319; Dkt. No. 327 (the "Reconsideration Order"). Now Defendants object to the Reconsideration Order and move the District Court for relief.

*See* Dkt. 366 at 1.  As Judge Davila's recounting demonstrates, ZZX dragged out a very basic discovery dispute across five motions.  *See* Dkt. 149 (motion to compel); Dkt. 281 (objection to magistrate order); Dkt. 300 (motion for reconsideration of magistrate order); Dkt. 366 (objection to magistrate's denial of reconsideration); Dkt. 381 (motion to certify denial of objection to magistrate order for interlocutory appeal).  The fact that ZZX—now with its challenges exhausted—still has not produced the documents despite ***five*** court orders (*see* Dkts. 481, 485) shows that ZZX's serial

challenges were only ever intended to delay proceedings; ZZX never had any intention of complying.

Thus it is no surprise that ZZX wants to keep the Special Master in the litigation: the order appointing the Special Master allows **even more** appeals.  *See* Dkt. 266 at 8 ("A party may file objections to, or a motion to adopt or modify, any order, report, or recommendation issued by the Special Master").  Now ZZX will be able to appeal Special Master orders to Judge Cousins, Judge Cousins' orders to Judge Davila, and even move for the certification of a Ninth Circuit appeal.  That is unbelievably wasteful, but consistent with ZZX's past conduct.  *See, e.g.*, Dkt. 366 at 1.

ZZX's proffered reason to keep the Special Master on board—his "experience and knowledge of this case" (Dkt. 489 at 2)—is pure pretext.  In truth, unlike this Court, the Special Master did not adjudicate or review any evidence on the merits, or related to damages, or related to ZZX's expansive, ongoing, multifaceted, sanctionable misconduct.  The Special Master is *less* familiar with these issues than the Court, not more—but that is exactly why ZZX wants the Special Master to continue hearing disputes.  ZZX is looking to forum shop because this Court is all too familiar with ZZX's tactics.

In fact, ZZX has already tried this approach.  For example, as shown in Special Master Order Nos. 4 & 5 (Dkts. 363, 364), ZZX effectively tried to "appeal" Judge Davila's preliminary injunction order to the Special Master, by asking the Special Master to adjudicate whether the preliminary injunction meant what it said—*i.e.*, that ZZX had to make its code repositories available for imaging.  *See, e.g.* Dkt. 363 ("the parties are unable to agree on the procedure for the imaging of AllRide/ZZX's source code as directed by the Court's Order Granting in Part and Denying in Part Motion to Modify the Preliminary Injunction . . .").  Maintaining the Special Master would only encourage ZZX's further efforts to undermine this Court's orders and multiply proceedings.

**The Court Is Better Positioned to Resolve Ongoing Disputes.**  The remaining disputes in this case are best directed to Judge Davila in the first instance, because they *not* "discovery disputes," but rather issues of *case management* for the judge overseeing the litigation.

As WeRide has repeatedly pointed out, "[i]n the Ninth Circuit . . . a defaulted defendant is treated as a non-party for purposes of discovery." *Virgil E. Brown Ins. v. Progressive Bus. Funding, Inc.*, 2019 WL 1367816, at *1 (S.D. Cal. Mar. 26, 2019) (quoting *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010)).  It is axiomatic that non-parties are *not* permitted

to take discovery. *See, e.g.* Fed. R. Civ. P. 30 ("A *party* may, by oral questions, depose any person . . . .") (emphasis added). Nonetheless, ZZX insists—based on dicta in an unpublished 2018 district court decision—that defaulted defendants "may" take discovery.[1] What's more, ZZX now appears to claim that, as a defaulted party, it is somehow entitled to *more* discovery rights than WeRide because WeRide can only get discovery from a defaulted party through a subpoena. *See* Dkt. 485 at 2 ("The Court should reject WeRide's position that it may enforce a discovery order against ZZX and AllRide without a subpoena . . ."). Even worse, and in a showing of true contempt, ZZX is now apparently of the view that the Court has no more means available to sanction ZZX, suggesting that ZZX is of the obviously incorrect view that it has no more reason to comply with Court orders at all. *See* Dkt. 485 at 1. Even after having its default entered, ZZX is just doubling down on its same open disregard for the judicial process.

The Special Master should be thanked and dismissed, and the remaining disputes should be addressed through WeRide's forthcoming Rule 16 motion.

DATED: May 1, 2020

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Ryan S. Landes
Claude M. Stern
Ryan S. Landes
William T. Pilon
Michael F. LaFond
*Attorneys for Plaintiffs WeRide Corp. and WeRide Inc.*

---

[1] Even in the sole case cited by ZZX, the Court indicated at the hearing that a defaulted party must *apply* for the right to take discovery—meaning there is no ordinary right for a defaulted party to take discovery. *See Ornstein et al v. Canites et al*, Case No. 18-cv-01616 (N.D. Cal.) at Dkt. 63 (Sept. 19, 2018 Hg. Tr. At 9:2-4 ("[T]hey [may] apply for an opportunity to take discovery in defense of a motion for default judgment.").