QUINN EMANUEL URQUHART & SULLIVAN, LLP
Claude M. Stern (Bar No. 96737)
claudestern@quinnemanuel.com
William T. Pilon (Bar No. 326487)
williampilon@quinnemanuel.com
Michael F. LaFond (Bar No. 303131)
michaellafond@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Ryan S. Landes (Bar No. 252642)
ryanlandes@quinnemanuel.com
865 S Figueroa Street
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

*Attorneys for Plaintiffs WeRide Corp. and WeRide Inc.*

KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
ggilchrist@kilpatricktownsend.com
MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
mboroumand@kilpatricktownsend.com
SUSAN W. PANGBORN (State Bar No. 282533)
spangborn@kilpatricktownsend.com
GIA L. CINCONE (State Bar No. 141668)
gcincone@kilpatricktownsend.com
TAYLOR J. PFINGST (State Bar No. 316516)
tpfingst@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: 415-576-0200
Facsimile: 415-576-0300

*Attorneys for Defendants Jing Wang And Kaizr, Inc*

GREENBERG TRAURIG, LLP
Kurt A. Kappes (SBN 146384)
kappesk@gtlaw.com
Todd A. Pickles (SBN 215629)
picklest@gtlaw.com
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709

Howard Holderness (SBN 169814)
holdernessh@gtlaw.com
Michael D. Lane (SBN 239517)
lanemd@gtlaw.com
Four Embarcadero Center, Suite 3000
San Francisco, California 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

*Attorneys for Defendants AllRide.AI Inc. and Zhong Zhi Xing Technology Co. Ltd.*

VINSON & ELKINS LLP
Mortimer H. Hartwell (CSB 154556)
Email: mhartwell@velaw.com
Meghan Natenson (CSB 312634)
Email: mnatenson@velaw.com
555 Mission Street, Suite 2000
San Francisco, CA 94105
Telephone: 415.979.6900
Facsimile: 415.651.8786

*Attorneys for Defendant Kun Huang*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| WERIDE CORP. f/k/a JingChi Corp.; WERIDE INC. f/k/a JingChi Inc., <br><br> Plaintiff, <br><br> vs. <br><br> JING WANG, an individual, KUN HUANG, an individual, ZHONG ZHI XING TECHNOLOGY CO. LTD., d/b/a ALLRIDE.AI, ALLRIDE.AI INC., KAIZR, INC., ZKA INC., DOES 1-10 <br><br> Defendants. | CASE NO. 5:18-cv-07233-EJD <br><br> **STIPULATION AND [**~~PROPOSED~~**] ORDER DISMISSING ALL CLAIMS WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(A)(2)** |

**STIPULATED DISMISSAL OF ALL CLAIMS WITH PREJUDICE**

WHEREAS, on May 7, 2020, Plaintiffs WeRide Inc. and WeRide Corp. (collectively "Plaintiffs") and Defendants Jing Wang, Kun Huang, Zhong Zhi Xing Technology Co. Ltd., D/B/A AllRide.AI, AllRide.AI Inc., Kaizr, Inc., and ZKA Inc. (collectively "Defendants," and together with Plaintiffs, "the Parties") reached an agreement to settle all claims still pending in the above captioned litigation *with prejudice*;

WHEREAS, the Parties collectively comprise "all parties who have appeared" in the above captioned litigation, whether defaulted or not, as that phrase is used in Federal Rule of Civil Procedure 41(a)(2);

WHEREAS, the Parties ask this Court dismiss all claims in the above captioned litigation *with prejudice*;

NOW THEREFORE, the Parties hereby stipulate and agree as follows:

1. Plaintiffs WeRide Inc. and WeRide Corp. hereby dismiss all of their claims against Defendants Jing Wang, Kun Huang, Zhong Zhi Xing Technology Co. Ltd., D/B/A AllRide.AI, AllRide.AI Inc., Kaizr, Inc., and ZKA Inc. **with prejudice**, pursuant to Federal Rule of Civil Procedure 41(a)(2).

2. Defendants Jing Wang, Kun Huang, Zhong Zhi Xing Technology Co. Ltd., D/B/A AllRide.AI, AllRide.AI Inc., Kaizr, Inc., and ZKA Inc. hereby agree that any order dismissing this litigation, pursuant to this stipulation, shall have preclusive effect with respect to any counterclaims that Defendants Jing Wang, Kun Huang, Zhong Zhi Xing Technology Co. Ltd., D/B/A AllRide.AI, AllRide.AI Inc., Kaizr, Inc., or ZKA Inc. could have brought in this litigation.

3. The Court's Order Granting in Part and Denying in Part WeRide's Motion for Preliminary Injunction dated March 22, 2019 and entered at Docket No.116, should be vacated.

4. The Court's Order Granting in Part and Denying in Part Motion to Modify the Preliminary Injunction dated October 28, 2019 and entered at Docket No. 342, should be vacated.

5. Any bond posted by Plaintiffs with respect to either the Preliminary Injunctions mentioned in paragraphs 3 and 4 above is hereby ordered released and dissolved effective immediately.

6. The Parties hereby request, as it is a condition of their agreement to the dismissal, that the Court exercise its discretion not to award further sanctions to WeRide, either pursuant to the fees application filed at Docket Entry 490, or pursuant to the motion for sanctions that WeRide filed at Docket Entry 376.

7. The Parties are duty bound to comply with the terms of the governing Protective Order regarding the return and/or destruction of documents and certification of the same per the terms of the governing Protective Order.

8. Each of the parties shall bear their own attorneys' fees and costs in this matter, and each waives the right to appeal from any order entered in this matter.

So stipulated and agreed.

Respectfully submitted,                                 Respectfully submitted,

By:   /s/*Claude M. Stern*                              By:   /s/*Kurt A. Kappes*
      Claude M. Stern                                         Kurt A. Kappes
      QUINN EMANUEL                                           GREENBERG TRAURIG, LLP
      URQUHART & SULLIVAN LLP                                 *Attorneys for Defendants AllRide.AI*
      *Attorneys for Plaintiffs WeRide*                       *Inc. and Zhong Zhi Xing Technology*
      *Corp. and WeRide Inc.*                                 *Co. Ltd*

Dated:   May 8, 2020                                    Dated:   May 8, 2020

By:   /s/*Gregory S. Gilchrist*                         By:   /s/*Mortimer H. Hartwell*
      Gregory S. Gilchrist                                    Mortimer H. Hartwell
      KILPATRICK TOWNSEND &                                   VINSON & ELKINS LLP
      STOCKTON LLP                                            *Attorneys for Defendant Kun*
      *Attorneys for Defendants Jing*                         *Huang*
      *Wang And Kaizr, Inc*

Dated:   May 8, 2020                                    Dated:   May 8, 2020

## **SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Claude M. Stern, Gregory S. Gilchrist and Mortimer H. Hartwell.

Dated: May 8, 2020

By: _Michael D. Lane_

**~~[Proposed]~~ Order Granting the Parties' Stipulation to Dismiss All Claims**

The Court hereby GRANTS the Parties' stipulation and orders as follows:

1. All claims alleged in the above captioned litigation by Plaintiffs WeRide Inc. and WeRide Corp. against Defendants Jing Wang, Kun Huang, Zhong Zhi Xing Technology Co. Ltd., D/B/A AllRide.AI, AllRide.AI Inc., Kaizr, Inc., and ZKA Inc. are hereby dismissed **with prejudice**.

2. This Order shall have preclusive effect as to any counterclaims that Defendants Jing Wang, Kun Huang, Zhong Zhi Xing Technology Co. Ltd., D/B/A AllRide.AI, AllRide.AI Inc., Kaizr, Inc., or ZKA Inc. could have brought in this litigation.

3. The Court's Order Granting in Part and Denying in Part WeRide's Motion for Preliminary Injunction dated March 22, 2019 and entered at Docket No.116, is hereby vacated.

4. The Court's Order Granting in Part and Denying in Part Motion to Modify the Preliminary Injunction dated October 28, 2019 and entered at Docket No. 342, is hereby vacated.

5. The Court hereby exercises its discretion not to award further sanctions to WeRide, either pursuant to the fees application filed at Docket Entry 490, or pursuant to the motion for sanctions that WeRide filed at Docket Entry 376.

6. Each of the parties shall bear their own attorneys' fees and costs in this matter, and each waives the right to appeal from any order entered in this matter

IT IS SO ORDERED.

DATED: __May 8_____, 2020

_____
The Honorable Edward J. Davila
UNITED STATES DISTRICT COURT JUDGE